Commonwealth *v.* Westley, Appellant.

Argued March 17, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

18

*Edward W. Wells,* with him *Colbert C. McClain,* for appellant, cited: Com. v. Barrish, 297 Pa. 160.

*Clare Gerald Fenerty,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee.—The court sufficiently instructed the jury as to the alleged alibi: Rudy v. Com., 128 Pa. 500.

In a criminal case, the charge must be read as a whole and any error alleged must be taken in connection with the general context: Com. v. Welch, 291 Pa. 40.

OPINION BY MR. JUSTICE SCHAFFER, April 14, 1930:

Robert C. Finley, who was employed as a clerk in a drug store at 13th and Lombard Streets, Philadelphia, was shot to death in the store on the night of June 19, 1929, by a robber who had entered it. On September 27th, appellant was arrested for a misdemeanor, having nothing to do with the murder, and while in custody was interrogated as to that crime, which had been committed in the neighborhood where he lived. He at first denied all knowledge on the subject and thereafter alleged that he had seen another colored man commit it; subsequently and while still in custody, on October 2d, he acknowledged himself guilty of the crime and several statements which he made amounting to confessions were reduced to writing and signed by him. These he repudiated on his trial. The jury found him guilty of murder of the first degree, with the penalty fixed at death.

There are a number of errors assigned. Only one of them merits serious consideration. The reporter's notes will show how the trial judge charged the jury on the facts of the case as they were developed by the testimony and all that he said on that score. He failed to present to them what we regard as most important testimony which the jury should have been directed to consider in deciding whether appellant was the man who did the shooting. His defense was an alibi;—that he was at

home at the time of the crime—and he called several witnesses to substantiate it. Two witnesses called by the Commonwealth, Samuel Turner and Kit Wright, said they were sitting on the opposite side of 13th Street from the drug store where the murder took place, just South of Lombard, that they heard the shot and saw a colored man running down 13th Street from the direction of the drug store,—Turner, that he had a good look at the fleeing man, that he had seen the defendant before the shooting and that the defendant was not the man. Wright too said that he observed the fleeing man and that he was sure he was not the defendant. If this testimony was believed by the jury, it would have gone a long way towards working an acquittal. Their attention should have been called to it and the failure to make any comment upon it renders the charge an inadequate one. The charge as a whole did not fairly present the case and unduly stressed the evidence of the Commonwealth. The duty of the trial judge in summing up the evidence is laid down in Com. v. Kaiser, 184 Pa. 493, 499: "It is enough if he gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole, and to appreciate its bearing." See also Com. v. Dennery, 259 Pa. 223, 230. The charge in the instant case does not come up to this standard. "Where......it plainly appears that the charge is misleading, or that it has a tendency to withdraw the attention of the jury from material evidence, or to magnify the importance of the proofs on one side and belittle those on the other,......a trial judge will be reversed for inadequacy of charge in reviewing the evidence": Com. v. Colandro, 231 Pa. 343, 356; Com. v. Russogulo, 263 Pa. 93; 16 C. J. 965. The instructions on the defendant's alibi were most meager. The testimony supporting it was not referred to in any way. Where a

human life is at stake, the jury should have explained to them, not alone what an alibi is, but how the testimony which the accused offers tends to sustain it, provided it does. "In reviewing the testimony of an alibi as arrayed against that of the Commonwealth showing guilt, the court should instruct the jury as to its nature, its purposes, and the degree of persuasion necessary to establish it": Com. v. Barrish, 297 Pa. 160. "When an alibi is offered, the testimony to establish it may raise such a reasonable doubt as to entitle him to an acquittal": Ibid.

The fourth assignment of error is sustained and a new trial awarded.