Commonwealth *v.* Motley, Appellant.

Submitted November 11, 1968. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Roger F. Cox* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 23, 1969:
Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The sole issue presented by this case is whether appellant was denied the appeal rights guaranteed to him under *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). Because the majority's decision in this case completely ignores several decisions of this Court following *Douglas*, I must dissent.

After appellant's trial and conviction in 1962, the trial record shows that appellant was asked, upon withdrawing his motion for a new trial, if he understood that "by withdrawing this motion at this time, you can never argue it again?" Appellant responded affirmatively. Appellant's attorneys at that point stated that they were prepared to argue had appellant so desired. In 1967, appellant filed a motion under the Post Conviction Hearing Act, alleging that he had never been adequately informed of his appeal rights. Appellant's petition was dismissed after a hearing, and this appeal followed.

Even if we assume arguendo that the on-the-record colloquy concerning the withdrawal of appellant's post-trial motions was sufficient to inform him that he was thereby waiving his appeal rights, the record is *completely silent* as to whether appellant was informed that on an appeal, if indigent he would have the benefit of free, court-appointed counsel. As this Court unanimously said in *Commonwealth v. Wilson*, 430 Pa. 1, 5, 241 A. 2d 760, 763 (1968): "The record below, although it does indicate that appellant may have been told that he could appeal, is completely silent as to whether appellant was at any point informed or was aware that he was entitled to court-appointed counsel. Douglas requires that an indigent accused be aware of

both rights." Where the record is silent *on the issue in question*, we have explicitly held that the Commonwealth has the burden of proving that appellant was fully informed in order to show that his waiver was knowing and intelligent. E.g., *Wilson*, supra; *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968).

At appellant's PCHA hearing, the attorney who represented him at trial who is still living was unable to testify whether appellant was ever told that he had the right to free counsel on appeal. Thus as we did in our unanimous decision in *Ritchey*, supra, we should "reaffirm our earlier holding that as a matter of law there cannot be a finding of a knowing and intelligent waiver of the right to counsel unless the accused shall have been explicitly informed that he is entitled to *free* counsel if he is indigent. Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968) ; Commonwealth v. Ezell, 431 Pa. 101, 244 A. 2d 646 (1968)." 431 Pa. at 274-75, 245 A. 2d at 450. (Emphasis in original.)

Since there has been no showing that appellant was ever told of his right to *free* counsel on appeal, under our prior decisions a finding of a knowing and intelligent waiver *cannot be upheld*. Appellant is thus entitled to a direct appeal, and I dissent from the Court's refusal to allow him the same right it has granted to others in exactly the same situation.

Mr. Justice O'BRIEN joins in this dissenting opinion.