Commonwealth *v.* Motley, Appellant.

Argued December 2, 1970; reargued January 18, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Jacob P. Hart,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 20, 1972:

Appellant Matthew Motley, after trial by jury in 1962, was convicted of murder in the first degree and sentenced to life imprisonment. No appeal was then taken from the judgment of sentence.

In 1967, appellant filed a petition pursuant to the Post Conviction Hearing Act,[1] alleging, inter alia, that he had been denied his right to appeal and to free counsel on appeal if he is indigent, guaranteed by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963). His petition was dismissed by the common

---

[1] Act of January 25, 1966. P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq. (Supp. 1970).

pleas court, and this Court affirmed the dismissal by a divided vote. *Commonwealth v. Motley,* 434 Pa. 272, 252 A. 2d 366 (1969).

Thereafter appellant sought relief by way of federal habeas corpus. On September 25, 1969, the United States District Court for the Eastern District of Pennsylvania issued an order granting a writ of habeas corpus unless petitioner was permitted to file post-trial motions as if timely filed. Argument on appellant's motion for a new trial was held before three members of the Philadelphia Common Pleas Court, and his motion was denied. This appeal followed.

The sole issue presented by this appeal is precisely the same issue that was presented by *Commonwealth v. Archambault,* 448 Pa. 90, 290 A. 2d 72 (1972). In fact, reargument was ordered in this case in order that we might consider it together with *Archambault.*

At appellant's trial the court stated in its charge to the jury: "My comment is, members of the Jury, that it would be a miscarriage of justice, in my opinion, if you found this defendant not guilty." In *Archambault* we fully explored the issue of whether a trial judge may express his personal opinion on the guilt of the accused. We there held that: "[A] trial judge may not suggest a verdict of guilty or not guilty nor directly express an opinion on the guilt or innocence of the defendant." 448 Pa. at 97, 290 A. 2d at 75. Accordingly, appellant is entitled to a new trial.[2]

---

[2] The Commonwealth attempts to justify the trial court's comment on the guilt of the accused on the ground that appellant's defense counsel indicated to the jury that he thought his client was guilty of murder in the second degree.

However, it is not clear that appellant's attorney made such a statement. Though the trial court in its charge indicated that appellant's attorney had made such a statement, that statement does not appear in the record, and we believe it far more likely that appellant's experienced counsel, attempting to avoid a felony-

The judgment of sentence is vacated and a new trial is granted.

Mr. Justice EAGEN dissents.

Mr. Justice NIX joins in the majority opinion and files a concurring opinion, in which Mr. Justice MANDERINO joins.

Mr. Justice MANDERINO joins in the majority opinion and joins in the concurring opinion of Mr. Justice NIX.

---

CONCURRING OPINION BY MR. JUSTICE NIX:

I concur in the result reached by the majority for the reasons stated in my concurring opinion in *Com-*

---

murder conviction, indicated to the jury that *if his client was guilty of any offense*, it was second degree murder.

Moreover, even if appellant's attorney made such a statement, it would not justify the court's comment. As the American Bar Association's Code of Professional Responsibility provides: "In appearing in his professional capacity before a tribunal, a lawyer shall not . . . [a]ssert his personal opinion . . . as to the guilt or innocence of the accused. . . ." Disciplinary Rule 7-106(C)(4). Since appellant had elected to exercise his constitutional right to trial by jury, we could not permit his counsel *sua sponte* to make a statement that would be equivalent to a guilty plea by appellant. The Commonwealth cannot justify the trial court's error by an error of the defense counsel.

Finally, even if appellant's attorney did state that in his opinion his client was guilty of second degree murder, the trial court did not rely on such a statement in making its comment on appellant's guilt, but actually instructed the jury to disregard the statement of appellant's counsel. The trial court first told the jury: "My thinking is that both sides in this case agree that it is murder in the first degree. The Commonwealth says that there was a burglary, or a robbery, or both, and that the defendant did it. The defendant says there was a robbery, or burglary, or both, but that he did not do it—two other men did." This statement, combined with the judge's statement that it would be a "miscarriage of justice" to find the defendant not guilty, amounted to a direction to the jury to find the defendant guilty of first degree murder, which they did.

114

*monwealth v. Archambault,* 448 Pa. 90, 290 A. 2d 72 (1972).

Mr. Justice MANDERINO joins.