Commonwealth *v.* Goins, Appellant.

Submitted November 15, 1972; reargued April 24, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis Lipschitz,* with him *Julian F. King,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, July 1, 1974:

This appeal again raises the ever-troublesome problem of the extent to which a court is permitted to comment on the evidence in its charge to the jury. We are satisfied that in this case, the trial court exceeded the permissible limits and that a new trial must be awarded.

On the evening of October 6, 1967, at approximately 9:30 P.M. the deceased, Ceretta Bryson, then twenty

years of age, left her home to make certain purchases at a neighborhood store. After making her purchases, while en route home, she was set upon by a man, identified as appellant, and stabbed three times resulting in her death shortly thereafter. After appellant's arrest he was tried before a jury and convicted of murder in the first degree and sentenced to life imprisonment. Post-trial motions were filed, argued and subsequently denied by the Court en banc. This is a direct appeal from the judgment of sentence pursuant to the Act of July 31, 1970, P.L. 673, No. 223, art. II, §202, 17 P.S. 211.202 (1974-1975 Supp.).

During the charge to the jury the court stated: "Under the evidence in this case it is my opinion and only my opinion, which is in no wise binding upon you, that if this defendant is guilty at all, he is guilty of murder in the first degree." This statement came at the very end of the formal charge and was the last instruction given prior to a recess for the jury, to permit counsel to set forth their objections to the charge out of the jury's hearing. Pa. R. Crim. P. 1119. During the conference with counsel a specific exception was taken to this statement and thus the issue was properly preserved for appellate review. Pa. R. Crim. P. 1119(b). At this point the court expressed an intention of emphasizing that the opinion was intended to be directed to the degree of guilt and not to the question of guilt or innocence. This suggestion was vigorously opposed by defense counsel who argued that such a course of action would further compound what in his judgment was an error incapable of being cured by additional instructions. When the jury returned for final instructions before retiring to begin their deliberations no further mention was made to the opinion that had previously been given but the court did again remind the

jury of all of the possible verdicts that could be returned under the indictment they were considering.[1]

While we have long recognized the power of the judge to comment and express an opinion to aid in enlightening the understanding of the jury and to assist in clarifying the issues to be resolved, the power was never deemed to be unlimited and without restriction.[2] It has long been recognized that this power is not to be construed as a license for the court to become an advocate in the proceedings, *Commonwealth v. Trunk*, 311 Pa. 555, 167 A. 333 (1933); *Commonwealth v. Westley*, 300 Pa. 16, 150 A. 94 (1930); *Commonwealth v. Stallone*, 281 Pa. 41, 126 A. 56 (1924). The charge of the trial judge must be "a calm and dispassionate one, . . . in expression or tenor a judicial presentation of the case, . . . . a fair and impartial submission of the evidence." *Commonwealth v. Trunk, supra*, at 565-66, 167 A. at 337. "The practice of a judge entering into the trial of a case as an advocate is emphatically disapproved. The judge occupies an exalted and dignified position; he is the one person to whom the jury, with rare exceptions, looks for guidance, and from whom the litigants expect absolute impartiality." *Commonwealth v. Myma*, 278 Pa. 505, 508, 123 A. 486, 487 (1924). Thus, any expression of opinion or comment must be fairly and temperately stated clearly leaving the jury free to reach its independent conclu-

---

[1] There was an objection raised that voluntary manslaughter should have been defined for the benefit of the jury and offered as one of the possible verdicts. In view of our very recent discussion on this subject in *Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142 (1974), further elaboration here is unnecessary.

[2] "This privilege of the judge to comment on the facts has its inherent limitations. His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing judicial office." *Quercia v. United States*, 289 U.S. 466, 470 (1933).

sion. *Commonwealth v. Watts,* 358 Pa. 92, 97, 56 A.2d
81, 83 (1948); *Commonwealth v. Orr,* 138 Pa. 276, 20
A. 866 (1890); *Commonwealth v. Nafus,* 303 Pa. 418,
420, 421, 154 A. 485, 486 (1931); *Commonwealth v.
Jones,* 341 Pa. 541, 551, 19 A.2d 389, 394 (1941); *Com-
monwealth v. Moyer,* 357 Pa. 181, 187, 188, 53 A.2d 736,
740 (1947).

The caution that we have repeatedly expressed in
connection with the exercise of this judicial power is
born from the practical realization of the influence a
court is capable of exerting over the deliberations of a
jury[3] by virtue of its position. Thus, where an expres-
sion of opinion or comment was deemed to have unduly
invaded the province of the jury in reaching its de-
cision, we have required the judgment to be set aside
and a new trial awarded. *Commonwealth v. Wilmer,*
434 Pa. 397, 254 A.2d 24 (1969); *Commonwealth v.
Holton,* 432 Pa. 11, 247 A.2d 228 (1968); *Common-
wealth v. Lucier,* 424 Pa. 47, 225 A.2d 890 (1967);
*Commonwealth v. Ott,* 417 Pa. 269, 207 A.2d 874 (1965).

This same determination to prevent an undue in-
trusion upon the province of the jury occasioned our
recent decision in *Commonwealth v. Archambault,* 448
Pa. 90, 290 A.2d 72 (1972). In that decision we
abandoned the former rule that a trial court would be
permitted to express an opinion as to guilt or innocence
under carefully drawn conditions[4] and announced a

---

[3] " 'The influence of the trial judge on the jury is necessarily
and properly of great weight,' . . . and jurors are ever watchful of
the words that fall from him. Particularly in a criminal trial, the
judge's last word is apt to be the decisive word." *Bollenbach v.
United States,* 326 U.S. 607, 612 (1946). (Citation omitted.)

[4] "For the first time, . . . in Commonwealth v. Nafus, 303 Pa.
418, 154 A. 485 (1931), this Court held that a trial judge may also
express an opinion as to the guilt or innocence of the defendant.
And in many cases since, this right has been reaffirmed, provided
1) that it is exercised fairly and temperately; 2) that there is

new rule providing for a complete prohibition against this type of comment. *Commonwealth v. Archambault, supra; Commonwealth v. Motley,* 448 Pa. 110, 289 A.2d 724 (1972). The *Archambault* result was a realistic recognition of the decisive effect of a judge's statement that in his opinion an accused was guilty and that in fact, after such a comment, there is little likelihood that the jury will independently reach its verdict.

While we accept the Commonwealth's distinction between the *Archambault* holding, where there has been an expression of opinion as to guilt, and the instant factual situation, where the opinion was directed to the trial court's view of the appropriate degree in the event of the jury's determination of guilt, the more difficult question posed is whether the factors that motivated a blanket prohibition in *Archambault* are not equally applicable here. We need not today decide, however, whether there should also be a blanket prohibition against an expression of opinion as to the degree of guilt since the comment under these facts was clearly inappropriate.

As indicated by the trial judge in his charge to the jury the defense did not contest the fact of the occurrence as described, or that the accused was in fact the perpetrator. The only issue to be resolved by the jury was the state of mind of the accused at the time of the incident. The defense offered evidence to establish a heavy consumption of alcohol preceding the incident and expert evidence to establish legal insanity at the time of the act. As stated by the Commonwealth in their brief "his sole defense, though termed 'legal insanity', was nothing more than an obvious attempt to

reasonable ground for any statement the judge may make; and 3) that he clearly leaves to the jury the right to decide all the facts and every question in the case, regardless of his opinion." (Citations omitted). *Commonwealth v. Ott,* 417 Pa. 269, 272, 207 A.2d 874, 876 (1965).

persuade the jury to reduce its verdict to second degree on the theory that appellant was so intoxicated that he lacked mental capacity to form a specific intent to kill." Thus the effect of the comment was to decimate the defense's position as to the only real issue left in controversy. The factual situation was simple and the issues clear-cut, thus comment was not required for clarification. While we may agree with the Commonwealth that the evidence of intoxication was unimpressive the fact remains that this was basically the only defense offered.

In a criminal case a court may not order the jury to return a verdict of guilty, regardless how overwhelming the evidence of guilt. Similarly, the court should not be permitted to express its opinion as to the merit of the only defense offered. "[Judges] . . . should not, *unless the facts of the particular case and the interest of Justice warrant it,* express an opinion on the merits of the case or the witnesses' credibility; . . ." *Keating v. Belcher,* 384 Pa. 129, 132, 119 A.2d 535, 537 (1956).

In *Commonwealth v. Butler,* 448 Pa. 128, 291 A.2d 89 (1972) we stated: "Just as a trial judge is not permitted to indicate to the jury his views on the verdict that they should reach in a criminal case, [citations omitted], similarly he is not permitted to indicate to a jury his views on whether particular witnesses are telling the truth." 448 Pa. at 134, 291 A.2d at 92.

Unquestionably, a comment suggesting the court's view as to the merits of an accused's sole defense is a greater intrusion upon the province of a factfinder than an expression of the court's opinion as to the credibility of a single witness. Clearly, if the latter is prohibited the former may not be condoned.

Where a collateral issue, without merit, is introduced to obscure the real questions to be decided by the jury the use of the power of comment may be ap-

propriate. But the mere fact that the sole issue in controversy may be without impressive support in the testimony does not permit the court to urge a verdict by expressing an opinion as to its weakness. Here there was no reason to believe that the factfinders could not intelligently evaluate the evidence presented and under these circumstances it was reversible error to attempt to sway their judgment by the expression of an opinion.

Judgment of sentence reversed and a new trial ordered.

Mr. Justice POMEROY concurs in the result.

Mr. Chief Justice JONES and Mr. Justice EAGEN dissent.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

In my view, a trial judge's expression of his opinion of the degree of an accused's guilt usurps the function of the jury. I would hold that this sort of expression of opinion by a trial judge denies the accused his right to trial by an impartial jury. See *Commonwealth v. Ewell*, 456 Pa. 589, 600, 319 A.2d 153, 158 (1974) (concurring opinion of this writer, joined by MANDERINO, J.); *Commonwealth v. Archambault*, 448 Pa. 90, 290 A.2d 72 (1972); *Commonwealth v. Motley*, 448 Pa. 110, 289 A.2d 724 (1972); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §5.6(a) (Approved Draft, 1972).

I concur in the result.

Mr. Justice MANDERINO joins in this concurring opinion.