Commonwealth *v.* Galloway, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Penn B. Glazier* and *Robert S. Trigg,* Assistant Public Defenders, for appellant.

*Mary Anne Motter* and *Michael H. Ranck,* Assistant District Attorneys, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 22, 1975:

On September 18, 1974, the appellant, Cornell Galloway, was convicted by a jury of prison breach. Subsequently, on October 21, 1974, he was convicted by another jury of having again escaped confinement. The propriety of these convictions is now being questioned.

The sole issue raised on appeal of the October 21, 1974 conviction[1] is whether the lower court erred in denying appellant's pre-trial request to examine an investigation report used by the prosecuting attorney in his selection of the jury. Apparently, the District Attorney's Office, at its own expense, had gathered general and biographical information pertaining to various members of the panel of jurors who were available for trials. Pa.R.Crim.P. 310 provides that the lower court may order the Commonwealth to permit the defendant, or any persons as are necessary to assist him, to inspect and copy only the defendant's own prior written statements or confessions. Absent a showing of "exceptional circumstances and compelling reasons," and none were shown here, Rule 310 allows no other discovery or inspection. *Commonwealth v. Smith,* 457 Pa. 638, 326 A.2d 60 (1974); *Commonwealth v. Mervin,* 230 Pa. Superior Ct. 552, 326 A.2d 602 (1974) ; *Commonwealth v. Foster,* 219 Pa. Superior Ct. 127, 280 A.2d 602 (1971). Thus, we find no merit in appellant's assertion of error and will affirm the judgment of sentence.

With regard to his September 18, 1974 conviction,[2] the appellant contends, *inter alia,* that the lower court's

---

1. Indictment No. 1149 of 1972.
2. Indictment No. 697 of 1973.

refusal of his motion to dismiss the jury panel resulted in a violation of his right to a fair and impartial jury trial. We agree and grant the appellant a new trial.[3]

Briefly stated, the record reveals that prior to the selection of a jury, the appellant's counsel moved to dismiss the jury panel because of certain remarks delivered on September 17, 1974 by the Honorable William G. JOHNSTONE, JR., President Judge of the Court of Common Pleas of Lancaster County. These comments, disparaging criminal defendants generally and counsel representing them, were made before a number of jurors impaneled to hear criminal cases in the September Term of Court. On September 18, 1974, the appellant's petition to dismiss the jury panel was denied by the trial judge, Honorable W. Hensel BROWN, who agreed to give the appellant's counsel the right to exercise full voir dire in an effort to acquire a fair and impartial jury. On this same day, the appellant was tried and found guilty. The Pennsylvania Supreme Court, however, on September 20, 1974, determined that the impaneled jury had been irreparably influenced by the court's remarks when it ordered the entire petit jury panel for the September Term to be dismissed. *Brown v. Court of Common Pleas Second Judicial District*, No. 207 Misc. Docket No. 20 (1974).

It has long been recognized that the judge may properly express an opinion to aid in enlightening the understanding of the jury and to assist in clarifying pertinent issues. *Commonwealth v. Goins*, 457 Pa. 594, 321 A.2d 913 (1974).; *Commonwealth v. Trunk*, 311 Pa. 555, 167 A. 333 (1933) ; *Commonwealth v. Stallone*, 281 Pa. 41, 126 A. 56 (1924). However, this privilege of the judge to comment on the facts is not without restriction. As the United States Supreme Court, in *Quercia v. United*

---

3. Since we have determined that appellant is entitled to a new trial, we find it unnecessary to review his allegations of further error by the trial judge.

*States,* 289 U.S. 466, 470 (1933), stated: "His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office." The principle underlying this limitation was concisely stated by the Pennsylvania Supreme Court in *Commonwealth v. Myma,* 278 Pa. 505, 508, 123 A. 486, 487 (1924) : "The judge occupies an exalted and dignified position; he is the one person . . . from whom the litigants expect absolute impartiality." Here, the instant trial judge did not make the comments in question. However, the Supreme Court of Pennsylvania, by dismissing the entire jury impaneled for the September Term, obviously determined not only that the court's remarks were indeed prejudicial, but also that the trenchant spirit of those remarks inexorably infected the minds of all those jurors. Therefore, the appellee's contention that any harmful remarks alleged to have been made by another judge should be deemed harmless error in light of the full *voir dire* granted appellant's counsel is without merit. A new trial is required when a prejudicial remark may reasonably be said to have deprived the defendant of a fair and impartial trial. *Commonwealth v. Goosby,* 450 Pa. 609, 301 A.2d 673 (1973) ; *Commonwealth v. Phillips,* 183 Pa. Superior Ct. 377, 132 A.2d 733 (1957).

We affirm the judgment of sentence entered upon appellant's October 21, 1974 conviction (Indictment No. 1149 of 1972). We reverse the judgment of sentence entered upon appellant's September 18, 1974 conviction (Indictment No. 697 of 1973) and remand for new trial.

CONCURRING OPINION BY SPAETH, J.:

As I read the majority opinion, it does not sanction the investigation of the backgrounds and personalities of prospective jurors. As to the propriety of that practice, I reserve judgment.

HOFFMAN, J., joins in this opinion.