J-S29037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HOWARD BISHOP | : | |
| | : | |
| Appellant | : | No. 1697 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 7, 2022
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000082-2021

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: OCTOBER 12, 2023**

Appellant, Howard Bishop, appeals from the aggregate judgment of sentence of $17^1/_2$ to 35 years' incarceration, imposed for his convictions of attempted rape, aggravated assault by putting an employee of a correctional institution in fear of imminent serious bodily injury, and unlawful restraint.[1] For the reasons set forth below, we affirm Appellant's attempted rape and aggravated assault convictions, but vacate his unlawful restraint conviction and judgment of sentence and remand for resentencing.

Appellant, an inmate at SCI-Smithfield, was charged with the above offenses and indecent assault, false imprisonment, simple assault, and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a) and 3121(a)(1), 2702(a)(6), (c)(9), and 2902(a)(1), respectively.

harassment for attacking a female SCI-Smithfield corrections counselor (Victim) on November 10, 2020. A jury trial was held on July 13, 2022, at which Victim and three corrections officers testified.

Victim testified that she asked Appellant on November 10, 2020 to call his mother because Appellant's mother had phoned her expressing concern that Appellant had not called her for months and was worried about him. N.T. Trial at 12-13, 16. Victim testified that Appellant wasn't sure that he had his mother's telephone number, that she went to her office to get the number for him, and that Appellant followed her into the office and shut the door. *Id.* at 16. She testified that she got the number for Appellant, gave it to him, and asked Appellant to leave the office. *Id.* at 17-18. Victim testified that Appellant did not leave the office after she requested several times that he leave, that she screamed and pressed the duress alarm because he refused to leave, and that Appellant grabbed her tightly from behind when she leaned over her desk to press the alarm and began rubbing her crotch and breasts. *Id.* at 18-19. Victim testified that she felt Appellant trying to pull her pants down, that she dropped to the floor to keep him from getting her pants off, and that she screamed, yelled for help, and tried to fight Appellant off. *Id.* at 19-20. She testified that when she yelled for help, Appellant covered her mouth with his hand and said "you don't want them to hear" and that Appellant "was whispering in my ear like this was something that I wanted." *Id.* at 20-21. Victim testified that while she was on the floor screaming, struggling

- 2 -

against Appellant, and trying to reach the door, she saw the door open and that corrections officers came in and grabbed Appellant and pushed him away from her. *Id.* at 20. Victim testified that the only physical injuries that she suffered were some bruises, but that she was terrified and in fear of suffering serious injury while Appellant was attacking her. *Id.* at 21, 24-25.

The corrections officer who first came to Victim's aid testified that he heard a female voice screaming and immediately went to the office from which the screams were coming. N.T. Trial at 31-32. This corrections officer testified that when he opened the office door, he saw Victim crawling on the floor and saw Appellant climbing off of Victim with his penis hanging out of his pants. *Id.* at 31-34. This corrections officer testified that he immediately grabbed Appellant and pinned Appellant against the desk and that two other corrections officers who had followed him into the office put handcuffs on Appellant. *Id.* at 31, 33, 35.

One of the two other corrections officers who came to Victim's aid testified that he heard a female scream and an alarm bell go off and went to the office, where two officers had Appellant over the desk and were trying to put handcuffs on him. N.T. Trial at 40-41. This officer testified that he grabbed one of Appellant's arms that Appellant was holding underneath himself and pulled it behind Appellant's back to help handcuff Appellant. *Id.* at 40. A corrections officer who was not on the cell block where the attack occurred testified that when Appellant was brought to the medical area after

he attacked Victim, Appellant said to the officers, "come on guys. I was just trying to get some pussy." *Id.* at 45-46.

Appellant introduced a stipulation that the remaining corrections officer who came to Victim's aid if called would testify that he handcuffed Appellant and that he did not see Appellant's penis or place it back in Appellant's pants. N.T. Trial at 54-55. Appellant did not testify at trial. *Id.* at 56-57.

The jury convicted Appellant of attempted rape, aggravated assault by putting an employee of a correctional institution in fear of imminent serious bodily injury, unlawful restraint, indecent assault, false imprisonment, and simple assault, and the trial court, as finder of fact on the summary charge of harassment, found Appellant guilty of harassment. N.T. Trial at 74; Verdict Slip; Verdict Order. On October 7, 2022, the trial court sentenced Appellant to 10 to 20 years' incarceration for attempted rape consecutive any other sentence that he was serving, a consecutive term of 5 to 10 years' incarceration for the aggravated assault conviction, and a consecutive term of $2^1/_2$ to 5 years' incarceration for unlawful restraint, resulting in an aggregate judgment of sentence of $17^1/_2$ to 35 years' incarceration consecutive any other sentence that he was serving. N.T. Sentencing at 7-8, 10; Sentence Order. The trial court imposed no sentence for the remaining four offenses on the ground that indecent assault merged with the attempted rape conviction, false imprisonment merged with the unlawful restraint conviction, and simple

- 4 -

assault and harassment merged with the aggravated assault conviction. N.T. Sentencing at 2-3, 7-8.

Appellant filed a timely post-sentence motion on October 17, 2022, in which he sought a new trial on all counts on the ground that the guilty verdicts were against the weight of the evidence and also sought judgment of acquittal on the attempted rape, aggravated assault, and unlawful restraint charges. The trial court denied Appellant's post-sentence motion on December 9, 2022, and this timely appeal followed.

Appellant raises the following three issues in this appeal:

I. Whether the verdict of guilty on the charge of Criminal Attempt - Rape (F1) was against the weight of the evidence in that there was no evidence of a specific intent to commit a rape since the complaining witness's clothes were not removed in any way, the complaining witness testified that she positioned herself in such a manner as to make penetration impossible, there was no penetration of any kind, any contact with the complaining witness's breasts was incident to an actual physical assault, and there was no evidence of arousal or gratification in regard to either [Appellant] and/or the complaining witness?

IL Whether the verdict of guilty on the charge of Aggravated Assault by Physical Menace - Certain Designated Persons (F2) was against the weight of the evidence in that there was no evidence of a "serious bodily injury" that was sustained and/or evidence that the potential infliction of an injury of this magnitude was "imminent", but rather any fear was unreasonable and a product of an overreaction to an unexpected event?

III. Whether the verdict of guilty on the charge of Unlawful Restraint (M[1]) was against the weight of the evidence in that there was no evidence that the complaining witness was exposed to an actual danger of a "serious bodily injury" as there was no serious bodily injury of any kind sustained by anyone in the underlying event, there were no marks or other evidence of restraint, the door to the office remained unlocked at all times,

and multiple other corrections officer[s] were within ear shot of the incident at all pertinent times?

Appellant's Brief at 7-8 (suggested answers, unnecessary capitalization, and footnote omitted).

Appellant states each of these issues as a claim that one of the Appellant's convictions was against the weight of the evidence. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks the trial court's sense of justice. *Commonwealth v. James*, 268 A.3d 461, 468 (Pa. Super. 2021); *Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. *Commonwealth v. Clemons*, 200 A.3d 441, 463-64 (Pa. 2019); *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Antidormi*, 84 A.3d at 758 (quoting *Commonwealth v. Clay*, 64 A.3d 1049, (Pa. 2013)) (brackets omitted).

In his first issue, Appellant argues that the testimony of one of the corrections officers that Appellant had his penis out was contradicted by lack of evidence that anyone put it back in Appellant's pants and that the testimony of another corrections officer that Appellant said that he was "trying to get some pussy" was unreliable because only the word "pussy" could be heard on a video recording of the interaction in which Appellant made the statement. These contentions do not show that the verdict was against the weight of the evidence. The trial court, which heard the testimony and observed the witnesses' demeanor, found the testimony of both witnesses credible. Trial Court Opinion at 6, 8. That conclusion was not an abuse of discretion. Neither witness's testimony was inconsistent with the other evidence at trial. The fact that no corrections officer put Appellant's penis back in his pants after the attack does not discredit the testimony that his penis was out when he was attacking Victim, as two corrections officers testified that Appellant had one of his hands in front of and underneath him before he was handcuffed, N.T. Trial at 33, 40, and Appellant therefore could have done that himself. While only the word "pussy" could be heard on the video, which was played at trial, and the rest of what Appellant was saying was not audible, Trial Court Opinion at 6, the fact that the video did not capture the full statement does not contradict the witness's testimony as to what he heard Appellant say.

Appellant also contends that the attempted rape verdict was against the weight of the evidence because the evidence allegedly was too speculative or

unreliable to show that Appellant intended to commit a rape. This argument is patently without merit. There was testimony at trial from Victim and two corrections officers that Appellant grabbed Victim, fondled her private parts, tried to pull her pants down, was climbing off of Victim with his penis out when he was stopped, and said that he was "trying to get some pussy." N.T. Trial at 19, 21, 27, 31-34, 45-46. That testimony, which the trial court concluded was credible, Trial Court Opinion at 6, 8, is amply sufficient to show intent to rape and that Appellant committed the offense of attempted rape. *Commonwealth v. Faison*, 297 A.3d 810, 831 (Pa. Super. 2023) (evidence was sufficient to prove attempted rape where defendant pinned victim and removed her pants and admitted to police that he was "just trying to get some pussy"); *Commonwealth v. Moody*, 441 A.2d 371, 372-73 (Pa. Super. 1982) (evidence was sufficient to prove attempted rape where defendant forced a victim into his basement, fondled her genitalia and began to unzip his pants before she escaped); *Commonwealth v. Bullock*, 393 A.2d 921, 923 (Pa. Super. 1978) (*en banc*) (evidence was sufficient to prove attempted rape where defendant grabbed victim, tore open her blouse, pulled down her bra, and tried to remove her pants). The trial court therefore did not abuse its discretion in holding that the attempted rape verdict was not against the weight of the evidence.

In his second and third issues, Appellant argues that his aggravated assault and unlawful restraint convictions were against the weight of the

evidence solely on the ground that the evidence at trial was allegedly insufficient to prove the elements of these offenses. Such arguments are in fact challenges to the sufficiency of the evidence, not the weight of the evidence. **Commonwealth v. Lyons**, 833 A.2d 245, 258 (Pa. Super. 2003).

> The distinction between a claim challenging the sufficiency of evidence and a claim challenging the weight of evidence is critical. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but claims that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." A claim challenging the sufficiency of the evidence, however, asserts that there is insufficient evidence to support at least one material element of the crime for which [the defendant] has been convicted.

**Id.** (quoting **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000)) (citations omitted). We therefore address these claims as sufficiency of the evidence claims and accordingly evaluate whether the evidence was sufficient to prove all elements of the crimes in question, accepting as true all evidence and reasonable inferences that support the verdict. **Lyons**, 833 A.2d at 258 (addressing defendant's claim that verdict was against the weight of the evidence as a challenge to the sufficiency of the evidence where defendant's argument was that there was insufficient evidence to prove the elements of the offense); **Commonwealth v. Frederick**, 475 A.2d 754, 760-61 & n.3 (Pa. Super. 1984) (same).

Appellant's second issue merits no relief. The aggravated assault offense of which Appellant was convicted requires that the Commonwealth

prove that Victim was an officer or employee of a correctional institution and that Appellant attempted "by physical menace" to put her "in fear of imminent serious bodily injury" while she was while in the performance of her duties. 18 Pa.C.S. § 2702(a)(6), (c)(9). The only elements that Appellant contends that the Commonwealth failed to prove are that his actions constituted physical menace and that he attempted to put Victim in fear of imminent serious bodily injury. The evidence is sufficient to prove these elements where the Commonwealth shows that the defendant placed the victim in fear of imminent serious bodily injury through the use of menacing or frightening activity. **Commonwealth v. Repko**, 817 A.2d 549, 554 (Pa. Super. 2003), **overruled in part on other issue**, **Commonwealth v. Matthews**, 870 A.2d 924 (Pa. Super. 2005) (*en banc*); **see also Commonwealth v. Reynolds**, 835 A.2d 720, 726-27 (Pa. Super. 2003) (interpreting identical elements in simple assault statute).

Here, the evidence at trial was sufficient to show that Appellant engaged in menacing and frightening activity and that this menacing and frightening activity put Victim in fear of imminent serious bodily injury. Victim testified that Appellant overpowered her to the point that she could not escape and that he covered her mouth when she screamed and told her not to call for help. N.T. Trial at 19-20. Such an attack is menacing and frightening conduct that would reasonably cause a person to fear for her life, particularly when the attacker is a convicted criminal in a prison setting. In addition, Victim

testified that she was terrified and was in fear of suffering serious bodily injury. *Id.* at 21. The fact that Victim was not in fact seriously injured does not negate the elements of the aggravated assault offense of which Appellant was convicted. The section of the Crimes Code under which Appellant was charged and convicted of aggravated assault, Section 2702(6), requires only proof of an attempt to put the victim in fear of imminent serious bodily, not proof that the defendant injured the victim. 18 Pa.C.S. § 2702(a)(6). Indeed, the elements of physical menace and attempting to put the victim in fear of imminent serious bodily do not require proof that the defendant had the ability to seriously injure the victim or that the victim was in actual danger. *Commonwealth v. Gouse*, 429 A.2d 1129, 1131 (Pa. Super. 1981).

In his third issue, Appellant argues that the evidence was insufficient to prove the elements of unlawful restraint because there was no evidence that Victim was in danger of serious bodily injury. The crime of unlawful restraint requires proof of a restraint more serious than the offense of false imprisonment, of which Appellant was also convicted, which requires proof only that the defendant knowingly restrained the victim unlawfully so as to interfere substantially with the victim's liberty. 18 Pa.C.S. § 2902 Jt. St. Govt. Comm. Comment; *Commonwealth v. Prince*, 719 A.2d 1086, 1087-88 (Pa. Super. 1998); 18 Pa.C.S. § 2903(a). To prove the unlawful restraint offense of which Appellant was convicted, the Commonwealth must prove both that the defendant knowingly restrained the victim unlawfully and that defendant's

conduct exposed the victim to an actual risk of serious bodily injury. 18 Pa.C.S. § 2902(a)(1); ***Commonwealth v. Schilling***, 431 A.2d 1088, 1091-92 (Pa. Super. 1981). Absent proof of an actual danger of serious bodily injury, the evidence is insufficient to prove unlawful restraint under the section of the statute at issue here. ***Schilling***, 431 A.2d at 1092 (threatening the victim with an unloaded pellet gun in perpetrating a sexual assault was insufficient to support unlawful restraint conviction under Section 2902(a)(1) because the victim was not exposed to actual risk of serious bodily injury); ***compare Commonwealth v. Melvin***, 572 A.2d 773, 774-75 (Pa. Super. 1990) (upholding unlawful restraint conviction under Section 2902(a)(1) because forcing a victim at gunpoint to drive in search of a person who had shot at the defendant earlier and whom the defendant wanted to kill exposed the victim to actual risk of serious bodily injury, even though there was no proof that the defendant's gun was loaded).

We agree that the Commonwealth did not prove the element of actual risk of serious bodily injury in this case. While the evidence at trial was sufficient to prove that Appellant's conduct created a reasonable fear of serious bodily injury, there was no evidence that Appellant's restraint of Victim exposed her to an actual danger of serious bodily injury. There was ample evidence that Appellant restrained Victim, but no evidence that Appellant hit her, tried to choke her or impede her ability to breathe, threw her against any object, or put her in a dangerous location. Nor was there any evidence of his

and Victim's physical sizes and strength from which an actual danger of serious bodily injury could be inferred. This case therefore stands in contrast to those cases where this Court has held that a restraint not involving weapons exposed the victim to an actual risk of serious bodily injury sufficient to support a conviction under the unlawful restraint statute at issue here. *Commonwealth v. Shaffer*, 763 A.2d 411, 413-14 (Pa. Super. 2000) (defendant handcuffed the victim, put her in the trunk of a car, and drove the car with her in the trunk); *Commonwealth v. McBall*, 463 A.2d 472, 474 (Pa. Super. 1983) (defendant grabbed the victim by the neck, pushed and shoved her, and repeatedly threatened to kill her and evidence showed that defendant weighed twice as much as the victim and was a weightlifter); *Commonwealth v. Harbold*, No. 878 MDA 2020, slip op. at 3, 10-11 (Pa. Super. July 12, 2021) (defendant choked the victim and threatened to kill her); *Commonwealth v. Gonzalez*, No. 1898 EDA 2018, slip op. at 5-6 (Pa. Super. May 31, 2019) (defendant hit the victim in the face and threw her). Indeed, neither the trial court nor the Commonwealth points to any evidence that showed an actual risk of serious bodily injury to Victim. Rather, they argue only that the evidence showed that the attack was frightening, Trial Court Opinion at 9 & n.3; Appellee's Brief at 1-2, 10, which supports the aggravated assault verdict but does not show the actual risk of serious bodily injury required to prove the unlawful restraint charge at issue here.

Because the evidence was sufficient to support Appellant's attempted rape and aggravated assault convictions and the trial court did not abuse its discretion in concluding that those verdicts were not against the weight of the evidence, we affirm those convictions. Because the evidence was insufficient to support Appellant's unlawful restraint conviction, we must vacate that conviction. The vacating of the unlawful restraint conviction disturbs the trial court's sentencing scheme, as the unlawful restraint sentence was consecutive to the attempted rape and aggravated assault sentences and the court did not impose a sentence for Appellant's false arrest conviction on the ground that it merged with the unlawful restraint conviction that we now have vacated. We therefore vacate Appellant's judgment of sentence and remand this case for resentencing.

Convictions for attempted rape and aggravated assault affirmed. Unlawful restraint conviction vacated. Judgment of sentence vacated, and case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:10/12/2023

- 14 -