# JOHN W. ELDRIDGE

*v.*

# MARTIN O. WALKER.

1. TENANTS IN COMMON—*conveyance.* Where two persons own real estate, and are desirous of raising money by its sale, and one of them is entrusted with its sale, and has it conveyed to a third person for the price agreed'upon, but the money is paid by the joint owner himself, with the view of acquiring the entire title to the property, such an arrangement is a fraud on the party owing the other moiety.

2. In such a case, the owner entrusted with the sale of the property occupies the same relation to the other owner as his agent, and an agent

can not occupy the relation of both seller and purchaser of the same property. And where the owner whose interest is thus sought to be acquired, does not assent to the sale, he may disaffirm it where the rights of innocent purchasers and creditors have not intervened.

3. DEED—*evidence.* Where a deed is read in evidence without objection, and it is apparent that a description of land therein could be rendered more clear and satisfactory by other evidence, the objection that the description in the deed is not clear can not be urged as a ground of reversal.

APPEAL from the Superior Court of Cook county.

Mr. W. J. DUNHAM, for the appellant.

Mr. E. A. SMALL and Mr. F. C. INGALLS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In June, 1848, John Frink and Martin O. Walker were copartners in business in the city of Chicago, and as such partners, were joint owners of certain lots, which are the subject matter of the present controversy. Walker, under pretense of having sold these lots to Thomas Dyer, procured the execution of a deed by Frink to Dyer, the deed being also executed by himself. The nominal consideration was $2500, which sum, however, was not paid by Dyer, but by Walker, and was used by him for the benefit of the firm. Dyer, in fact, was not a purchaser, and had no interest whatever in the property, but merely accepted the deed at Walker's request, and agreed to hold the title subject to Walker's order. Walker requested Dyer not to let Frink know the true character of the transaction. Not long afterwards, Dyer, thinking Frink should be informed of the true state of the matter, acquainted him with the facts. Frink replied he was willing Dyer should keep the lots, but was not willing he should convey them to Walker. Dyer said he should convey them when requested by Walker, but before making the deed would inform Frink. The title remained in Dyer for several years, but being at length requested by Walker to convey, he informed Frink of such request, whereupon Eldridge, the grantee of Frink, commenced

this suit to enjoin such conveyance, and to procure the investment in himself of the title to one-half the property. These facts appear from the answer of Dyer, which, by agreement of parties, was taken as evidence. The case was continued through some years, but was finally heard, and resulted in a decree dismissing the bill. From this decree the complainant appealed.

The sworn answer of Walker attempts to explain this transaction, but as the bill dispensed with the defendant's oath, we can not consider the answer as evidence. On the testimony in the record, the case rests merely on the facts we have stated. On these unexplained facts the bill should not have been dismissed. The case falls under well settled rules governing the relation of partners to each other, which relation, in regard to the sale of property by one partner for the firm, is substantially like that of principal and agent. Here, Walker occupied the position of an agent, buying the property of his principal under pretense of selling it to a third person, and, as the case now appears, studiously concealing from his principal the real nature of the transaction. He was, at the same moment, both vendor and purchaser of Frink's undivided moiety of these lots, without the consent of Frink to the transaction. This is a position which the law permits no man to occupy. Such a transaction it presumes to be fraudulent, and permits the owner, whose title is thus sought to be acquired, to disaffirm the pretended sale, if he so elects, where the rights of innocent parties have not intervened. These are principles so familiar as to require no citation of authorities for their support, and they govern the present case.

It is objected by counsel for appellee, that the conveyance read in evidence, from Frink to the complainant, has a different description of the premises conveyed from that contained in the bill, and in the deed from Frink & Walker to Dyer. The deed was read in evidence without objection, for the purpose of showing complainant's interest in the land, and it is

apparent, from other title papers in evidence, that the description included the lots in controversy. If the objection had been made in the court below, all doubt on this question might easily have been removed. Decree reversed and cause remanded.

*Decree reversed.*