Commonwealth *v.* Hill, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael M. Baylson,* for appellant.

*Peter J. Smith* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1973:

Appellant, Benjamin Hill, was charged with murder and tried before a jury in September, 1969. He was found guilty of voluntary manslaughter and received a sentence of imprisonment of not less than four nor more than twelve years. On direct appeal, this Court affirmed. See *Commonwealth v. Hill,* 444 Pa. 323, 281 A. 2d 859 (1971).[1] Appellant subsequently filed a pe-

---

[1] In the direct appeal this Court decided that appellant's confession was voluntary and admissible, and that there was sufficient evidence to justify a verdict of voluntary manslaughter.

tition under the Post Conviction Hearing Act. Act of January 25, 1966, P. L. (1965) 1580, §§ 1 et seq. 19 P.S. §§1180-1 et seq. After an evidentiary hearing all requested relief was denied. He now appeals to this Court.

Appellant raises on this appeal two related issues. He first contends that he was denied effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States because of the many "tactical decisions" made at trial by his attorney which had neither a reasonable basis nor were designed to effectuate his best interests. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). As a corollary to this argument appellant asserts that a supplemental unrequested instruction given by the trial court was an impermissible coercive and prejudicial *Allen* charge.[2] See *Allen v. United States,* 164 U.S. 492, 17 S. Ct. 154 (1896). Although this charge was neither objected to at trial nor raised on direct appeal, appellant contends he should be permitted to raise it here because his trial counsel was ineffective and had no reasonable basis for either failing to object at trial or to argue the issue on direct appeal.[3]

Addressing ourselves initially to appellant's general claim of ineffective assistance of counsel "[o]ur task

---

[2] This claim is also essentially one of ineffective assistance, because unless appellant can show he was denied his constitutional right to the effective assistance of counsel he has waived his right to litigate the *Allen* charge issue by virtue of Section 4 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4, since that challenge was not presented in his 1971 direct appeal. See *Commonwealth v. Hill,* 444 Pa. 323, 281 A. 2d 859 (1971).

[3] See *Commonwealth v. McGrogan,* 449 Pa. 584, 297 A. 2d 456 (1972). Appellant had the same counsel on direct appeal as he had at trial. On this appeal and at the PCHA hearing appellant had been represented by different counsel.

in cases of this nature . . . encompasses both an independent review of the record, . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives." *Commonwealth ex rel. Washington v. Maroney,* supra at 604, 235 A. 2d at 352. In support of the ineffective assistance claim appellant alleges: (1) that he only met with his attorney once, briefly, prior to trial and there was insufficient time to prepare his defense; (2) that his attorney failed to make a pretrial attempt to suppress a written confession; (3) that when the suppression motion was finally made at trial, it was not handled properly because counsel did not request certain medical records and failed to prepare appellant adequately for his suppression hearing testimony; (4) that he testified in his own behalf only because counsel compelled him to do so; and (5) that counsel did not prepare him adequately for his testimony at the trial itself.

Employing the standards enunciated in *Commonwealth ex rel. Washington v. Maroney,* supra, ineffective assistance of counsel can only be found if " '[t]he defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.' We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." Id. Here, the record reveals that counsel's stewardship of the case, while not perfect by any measure, was certainly "within the permissible range of prudent representation of his client's interests." *Commonwealth v. Ganss,* 440 Pa. 602, 606, 271 A. 2d 224, 226 (1970). Although a perfectly conducted trial is indeed the ideal objective of our judicial pro-

cess, the defendant is not necessarily entitled to relief simply because of some imperfections in the trial, so long as he has been accorded a fair trial. "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619, 73 S. Ct. 481, 490 (1953); see *Schneble v. Florida,* 405 U.S. 427, 432, 92 S. Ct. 1056, 1060 (1972); *Bruton v. United States,* 391 U.S. 123, 135, 88 S. Ct. 1620, 1627 (1968).

At the PCHA hearing trial counsel testified, contrary to appellant, that he actually met with appellant more than once prior to trial, but even assuming he had met with him only once we have previously held that shortness of time per se in the preparation of a defense does not constitute ineffective assistance. *Commonwealth v. Skipper,* 440 Pa. 576, 271 A. 2d 476 (1970); *Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970); *Commonwealth v. Berry,* 440 Pa. 154, 269 A. 2d 921 (1970); *Commonwealth ex rel. Johnson v. Russell,* 428 Pa. 440, 239 A. 2d 399 (1968); *Commonwealth ex rel. Washington v. Maroney,* supra.[4]

Trial counsel also testified that he made no pretrial attempt to suppress the confession because he believed it was exculpatory in nature. Thus this decision clearly had "some reasonable basis" and did not amount to ineffective assistance. See *Commonwealth v. Lofton,* 448 Pa. 184, 292 A. 2d 327 (1972); *Commonwealth v.*

---

[4] In *Washington,* supra, this Court emphasized that "[t]he length of counsel's conversation with his client is thus but *one* of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc., to determine whether the course chosen by counsel had any reasonable basis when compared with the alternatives available." Id. at 608-09, 235 A. 2d at 355. The United States Supreme Court in *Chambers v. Maroney,* 399 U.S. 42, 54, 90 S. Ct. 1975, 1982-83 (1970), added further support to this position, stating ". . . we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel . . . ."

*Sampson,* 445 Pa. 558, 285 A. 2d 480 (1971) ; *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967), cert. denied, 390 U.S. 983, 88 S. Ct. 1104 (1968). This Court will not substitute its "hindsight evaluation of the record" to retrospectively determine whether counsel's decision had any reasonable basis. If counsel's actions at the time of the trial were reasonable, that is sufficient. See *Commonwealth ex rel. Washington v. Maroney,* supra.

Appellant's other contentions in support of his ineffective assistance claim are equally without merit. In essence he is claiming that counsel's failure to rehearse appellant's testimony prior to both the suppression hearing and trial resulted in certain inconsistencies with his written confession, which the prosecution later exploited. We cannot characterize counsel's stewardship as ineffective merely because his client was unable to adhere to a consistent version of the facts. Certainly counsel's decision to advise his client to take the stand in a murder case where counsel's theory was self-defense was a reasonable and considered choice inasmuch as appellant was the only defense witness.

Appellant's second related claim[5] of an impermissible, coercive *Allen* charge merits independent attention. Appellant argues that the trial court erred by giving the jury an unrequested additional instruction which coerced the jury to reach a guilty verdict. The jury had been sent out to begin deliberations at approximately 1:00 P.M. on September 11, 1969. Prior to reconvening on the morning of September 12, 1969, and without any indication of a deadlock or potential deadlock the court presented the challenged charge to the jury. However, trial counsel neither objected to the charge nor raised this issue on direct appeal.

---

[5] See note 2, supra.

Clearly since appellant failed to raise on direct appeal his presently asserted challenge to the jury charge he has waived his right to litigate this issue here. See Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4. However, appellant contends that despite Section 4 he is entitled to raise this issue here because he was denied his constitutional right to effective assistance of counsel, since, as he argues, there was no reasonable basis for counsel's failure to either object at trial or present the issue on direct appeal.

We find, however, that counsel's stewardship in this aspect of the trial, as in all other challenged aspects, was reasonable and competent. Counsel, indeed, had a reasonable basis for not objecting to the charge, or raising that issue on direct appeal, because that charge was not, in fact, an impermissible *Allen* or "dynamite" charge. In *Commonwealth v. Spencer*, 442 Pa. 328, 275 A. 2d 299 (1971), this Court noted that the impermissible implications of an *Allen* charge were that (1) a minority juror should yield to the majority, and that (2) those with no reasonable doubt, i.e., the majority, need not re-examine their position despite the existence of a reasonable doubt in the mind of a minority juror. Such impermissible and coercive implications are nowhere to be found in the charge given by the trial court here.

In fact, the challenged instruction was quite fair and neutral, and cannot conceivably be characterized as an *Allen*-type charge. In part the trial court charged:

"I repeat that you should listen to each other. Sometimes the minority is able to convince the majority, or the majority is able to convince the minority. It can go either way.

"It is a matter of approaching the discussion, your deliberations with an open mind. I think it is particu-

larly important that you stay with the evidence and decide the case only on the basis of the evidence and a reasonable inference that can be drawn from the evidence. . . .

. . .

"So, review the situation again, listen to each other, have an open mind. Usually Juries agree, but you do not have to agree. Nobody has to have feeling that they have to agree.

. . .

"Now the minority is not supposed to go along with the majority unless they are convinced that that is the only proper course, but a conviction should only come from a careful review of the testimony and after listening to what others have to say."

Certainly it was entirely reasonable and proper for counsel to refrain from objecting to such an expressly neutral charge. This charge, in effect, clearly matches the guidelines approved in the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, §5.4(a) (Approved Draft, 1968).[6]

---

[6] Section 5.4(a) of these standards provides:

"5.4 Length of deliberations; deadlocked jury.

"(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

"(i) that in order to return a verdict, each juror must agree thereto;

"(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

"(iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

"(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

It must be concluded that appellant was not denied effective assistance of counsel in this aspect of his trial, and because the issue was not raised on direct appeal, he has waived the right to litigate this claim now. Moreover, even if appellant could raise the *Allen* charge issue on this collateral attack, he would not be entitled to relief, since the charge was definitely not an *Allen*-type charge.[7]

In the absence of a finding of ineffective assistance of counsel in any aspect of his trial, or direct appeal,[8] the denial of relief by the PCHA hearing court must be affirmed.

Order affirmed.

---

"(v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict."

[7] In concluding that appellant has waived his right to litigate the *Allen* charge issue here we necessarily had to consider whether in fact the charge was an *Allen* charge in order to determine whether counsel had some reasonable basis for not objecting to the charge.

[8] For a discussion of a defendant's constitutional right to effective appellate representation see *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) ; *United States ex rel. O'Brien v. Maroney*, 423 F. 2d 865 (3d Cir. 1970) ; *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968) ; *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 218 A. 2d 811 (1966).