418 A.2d 713

**COMMONWEALTH of Pennsylvania**

v.

**Anthony VERNILLE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 27, 1980.

Joseph Paul Valentino, Sharon, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PRICE, Judge:

Following a jury trial, appellant was convicted of theft by receiving stolen property.[1]  After denial of post-trial motions, he was sentenced to a term of imprisonment of two to five years.  He appeals to this court contending that the evidence was insufficient to support the verdict, that the trial court erred in its instructions to the jury and in admitting certain evidence, and that the sentence was an abuse of judicial discretion and excessive.  Finding no merit in any of these contentions, we affirm the judgment of sentence.

   In weighing the sufficiency of the evidence, we must view the evidence, together with all reasonable inferences

1.  18 Pa.C.S. 3925(a).

therefrom, in the light most favorable to the Commonwealth, and determine whether it is sufficient to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979). The Commonwealth may sustain its burden of proof beyond a reasonable doubt through the use of wholly circumstantial evidence. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975).

Viewed in this fashion, the evidence upon which appellant's conviction was predicated consisted of the following facts. The charge of receiving stolen property arose out of the theft of a 1977 Ford Ranger pickup truck from Robbins Ford and Mercury, a dealership in Mercer, Pennsylvania, sometime between December 18 and 28, 1976. The stolen truck was discovered in Farrell, Pennsylvania at the residence of appellant's father on March 7, 1977, by Captain Timko of the Farrell Police Department. Upon first seeing the truck, Captain Timko realized it fit the description of a vehicle that had been reported stolen, and he recorded the license plate number and vehicle identification number located on the door. When he discovered upon a subsequent check of these numbers that the vehicle had been stolen from Robbins Ford and Mercury, he had it towed away.

Appellant and his father appeared later at the Farrell Police Department and gave Captain Timko an Ohio certificate of title to the truck and the ignition key. During questioning by Captain Timko, appellant explained that he had acquired the truck from a stranger who had come to his workplace and asked if he was interested in buying a truck. Appellant stated that he believed the man's name was Paul Glasco and that he operated a car dealership in Youngstown, Ohio. Appellant agreed to meet this man at the L & K Restaurant in Niles, Ohio, and he there concluded a deal to purchase the truck for $6,000 cash by tendering the money to Glasco and receiving title. Glasco was not produced as a witness at trial.

Following the introduction of the certificate of title into evidence, Trooper Richard L. Thompson of the Ohio State Highway Patrol testified concerning defects contained in that certificate. First, he remarked that the date title issued, which is filled in by the clerk of court at the time that the title is issued, was blank. Second, while the title indicated that Mayberry Ford Truck Sales, Springfield, Ohio was the previous owner, it did not contain the previous owner's title number or the initials "MSO" to indicate that it was purchased new from a dealership. Trooper Thompson explained that "MSO" stands for "manufacturer's statement of origin," which is proof of the dealer's ownership of the vehicle. This statement was absent from appellant's title. Other testimony showed that the title number on appellant's certificate was actually registered to a Mercury Cougar owned by Floyd Dugan Ford, Inc., and not Mayberry Ford. Moreover, the certificate of title listed $6,395 as the purchase price, although appellant testified that he paid $6,000, and listed appellant's address in Springfield, Ohio, when he admitted in his testimony that he had never lived there.

Three employees of the Robbins Ford and Mercury dealership testified to appellant's prior connections with the stolen truck. Ronald Sopko, a salesman, testified that appellant spoke to him about pickup trucks sometime in December. A second salesman, Nick Sicillian, testified that about December 16, 1976, appellant returned and asked for Mr. Sopko. Since Mr. Sopko was out at the time, Mr. Sicillian took from a keyboard the two keys for the truck that was later stolen and gave them to appellant. Mr. Sicillian did not accompany him to look at the truck and did not see him again that day. A third employee, Douglas Moreland, recalled that appellant had received a set of keys for the stolen truck during a visit sometime around December 16 and had returned the keys to him. After the truck disappeared, Mr. Moreland saw the keys to it on the manager's desk and inspected them. His examination revealed that one of the keys had grind and cut marks on the teeth, and he concluded that only one was an original factory key and that the other was a copy.

■ The only element of the offense of receiving stolen property that appellant disputes was adequately proven is the requirement that the possessor know that the property has been stolen. *Commonwealth v. Peluso*, 481 Pa. 641, 393 A.2d 344 (1978). An inference can be made that the accused in fact knew the property was stolen if it can be shown that he had reasonable cause to know that the property received was stolen, and circumstantial evidence is sufficient to support this inference. *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978). Although evidence of possession of stolen property is not sufficient alone to prove theft, *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Burke*, 229 Pa.Super. 176, 324 A.2d 525 (1974), it may combine with other circumstances surrounding the theft to form sufficient evidence to warrant an inference of guilty knowledge, *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977).

■ In the instant case, the facts of appellant's prior connection with the stolen vehicle–through his visits to the dealership, his possession of a key to the vehicle (the original of which was shown to have been reproduced), his suspicious description of the sale, and his acceptance of a title certificate with defects apparent on its face despite his prior experience with transferring titles to vehicles–all combine to sufficiently support the inference that appellant had reasonable cause to know that the vehicle was stolen. The evidence supports the jury verdict beyond a reasonable doubt.

Appellant's second and third assignments of trial error concern the charge to the jury. The portion of the charge to which he objects reads as follows:

"When the father was informed that the vehicle was in fact stolen, his comment was, no kidding.

Now, as I read through my notes on that, those words 'no kidding' can have a great deal of import or no import and it depends, I think *although you are not bound by this*, by the intonnation [sic] of the voice. You can say it as a mockery, no kidding, or you can say it in a sense of shock, no kidding; and *we don't have that evidence* as to

the intonnation [sic] used by the father; however you have the words if you accept that that was in fact said, and *can be considered by you as you desire* as whatever import it may have." (N.T. at 153) (emphasis added).

It is well established in Pennsylvania that the trial judge has the discretion to summarize the evidence adduced at trial. *Commonwealth v. Crawford*, 452 Pa. 326, 305 A.2d 893 (1973). In addition, he may properly refer to the issues involved and the possible inferences to be drawn from the facts. *Commonwealth v. Hamilton*, 148 Pa.Super. 169, 24 A.2d 656 (1942). It is also among the judge's prerogatives to express his own opinion on the evidence, including the weight and effect to be accorded it and its points of strength and weakness, provided that the statements have a reasonable basis and it is clearly left to the jury to decide the facts, regardless of any opinion expressed by the judge. *Williams v. Philadelphia Transportation Co.*, 415 Pa. 370, 203 A.2d 665 (1964); *Commonwealth v. Collura*, 183 Pa.Super. 17, 128 A.2d 101 (1956), *cert. denied*, 353 U.S. 957, 77 S.Ct. 864, 1 L.Ed.2d 908 (1957).

Clearly, no error is shown on this record. Although appellant claims that the judge emphasized and instructed the jury on facts not in evidence, this contention is unfounded. The judge openly and distinctly stated that no evidence was given as to the witness' intonation. He merely suggested the different inflections of the voice that could have been present and left the choice entirely to the jury as to which quality was used and the import it should be accorded.

Appellant's third assignment of error is in the same vein. He contends that the court's comment concerning price negotiations during his meeting with Mr. Glasco also emphasized a fact not in the record. The judge instructed the jury in this language:

"[H]e appeared and the person representing himself as Paul Glasco appeared; that they talked and that the purchase price of $6,000 was agreed upon. Now, *there is no evidence one way or the other* as to any negotiations that they may have had, whether a higher price was

asked, or a lower price offered. In any event, $6,000 was agreed upon." (N.T. at 161) (emphasis added).

■ Again, the court unmistakably instructed the jury that there was no evidence on this at all; the jury was in no way misled by the instruction. The extent of analysis, review, and commentary employed by the trial judge in his instructions must depend largely on the circumstances of the case, including the line of argument pursued by counsel in addressing the jury, and will generally be within the judge's sound discretion to determine. *Commonwealth v. Walker*, 178 Pa.Super. 522, 116 A.2d 230 (1955). In reviewing the charge for prejudicial and reversible error, the appellate court must view it as a whole for its general effect and not consider isolated excerpts. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978); *Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977). The general effect of the judge's instructions in this case was fair and impartial.

■ Appellant's fourth contention is that evidence of the vehicle identification number should have been suppressed because it was the result of a warrantless search of the interior of the truck without probable cause. He also contends that appellant's later statements to Captain Timko and production of the certificate of title at the Farrell Police Station should be suppressed since they are the tainted fruit of the initial unlawful search. Although appellant argues that the search was unlawful due to a lack of probable cause, we find it unnecessary to address this since we find that Captain Timko proceeded with the consent of appellant's father, who was in possession of the vehicle at the time, and thus, he did not violate the fourth amendment.[2]

2. *Some question arises whether the fourth amendment is even applicable to this situation since only what one seeks to preserve as private or reasonably expects will be private is constitutionally protected.* Katz v. United States, *389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). This court has previously noted that "a possessor of an open yard, . . . who leaves parked upon it, unattended and unoccupied motor vehicles . . . exhibits a very slight expectation or even no expectation of privacy of the vehicle identification numbers."* Commonwealth v. Best-Bey, *258 Pa.Super. 478, 485–86, 393 A.2d 459, 462–63 (1978). See Commonwealth v.*

The fourth amendment to the United States Constitution serves to safeguard an individual's reasonable expectations of privacy from unjustified governmental intrusions. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *Commonwealth v. Flewellen*, 475 Pa. 442, 380 A.2d 1217 (1977). A search conducted without a warrant issued upon probable cause is per se unreasonable unless the circumstances justify the application of one of the limited number of specifically established and well-delineated exceptions. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Commonwealth v. Silo*, 480 Pa. 15, 389 A.2d 62 (1978), *cert. denied*, 439 U.S. 1132, 99 S.Ct. 1053, 59 L.Ed.2d 94 (1979). One of these specifically established exceptions is a search undertaken pursuant to valid consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Davis v. United States*, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946).

The testimony in the instant case established that Captain Timko requested permission from appellant's father to look at the vehicle identification number of the truck, but misrepresented that his interest in the truck was prompted by appellant's brother, who Captain Timko claimed had been operating the vehicle in such a manner that it had been called to the attention of the police. In response to the request, appellant's father then opened the door to the truck so the officer could enter and obtain the number. Although the technique used by Captain Timko was found by the suppression court to be a trick, we find that this ruse did not constitute illegal coercion that would vitiate the voluntariness of the consent.

*Mimms*, 471 Pa. 546, 555 n.1, 370 A.2d 1157, 1161 n.1, *rev'd and remanded on other grounds*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (Nix, J., concurring and joined by O'Brien, J.) (citing with approval *People v. Wolf*, 60 Ill. 230, 326 N.E.2d 766, *cert. denied*, 423 U.S. 946, 96 S.Ct. 361, 46 L.Ed.2d 280 (1975), in which the court held that opening the door of a "suspicious" car to inspect the serial number was reasonable and not inconsistent with the fourth amendment on the ground that the intrusion was minimal). Nevertheless, we have assumed that appellant is entitled to this protection.

In *Schneckloth v. Bustamonte, supra,* the United States Supreme Court undertook a thorough examination of the showing the State must make to justify a search on the basis of consent. The Court found that unlike those constitutional guarantees that protect the fairness of the trial itself, there is no reason to exercise any presumption against finding a search has been voluntarily allowed. As a result, the Court reasoned that the traditional test for determining the voluntariness of a person's response should be employed. Under this test one examines whether the consent was "the product of an essentially free and unconstrained choice by its maker" or whether "his will has been overborne and his capacity for self-determination critically impaired." *Schneckloth v. Bustamonte, supra* at 225, 93 S.Ct. at 2047. *See United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte, supra* at 227, 93 S.Ct. at 2047.

In the circumstances of the present case, no overt acts or threats of force, promises, nor any other more subtle forms of coercion were used to influence the judgment of appellant's father. The Pennsylvania Supreme Court has examined the voluntariness of consent procured through misrepresentation by a police officer and has held that this tactic is constitutional and that evidence gained through the use thereof will not be suppressed. *Commonwealth v. Brown,* 437 Pa. 1, 261 A.2d 879 (1970). In *Brown,* the court found that information transmitted to government agents in reliance on a mistaken belief as to the use to which the information would be put was voluntarily communicated. The court determined that it was clearly not required that police "be completely open and truthful as to their identity and purpose when dealing with suspects." *Id.,* 437 Pa. at 6, 261 A.2d at 881. Here, appellant's father was informed of the identity of Captain Timko and his need for the information to further a police investigation, and the fact that he

was deceived as to the magnitude of the unlawful activity being investigated and which of his sons was involved does not render his consent defective. Since the search was lawfully conducted, the vehicle identification number was properly received into evidence, and the certificate of title and appellant's statements were not excludable as tainted evidence resulting from an illegal search.

The fifth, and final, assignment of error made by appellant charges that the trial judge considered improper information in making the sentencing decision, therefore abusing his discretion, and imposed a manifestly excessive sentence. We disagree.

The issue whether a sentence was properly imposed is usually a problem presenting a mixed question of law and fact that is left within the broad discretion of the sentencing judge and not reviewed on appeal unless the sentence exceeds the statutorily prescribed limits or is so manifestly excessive that it constitutes too severe a punishment. *Commonwealth v. Williams*, 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Smith*, 247 Pa.Super. 36, 371 A.2d 1025 (1977). The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). To formulate a proper sentence, therefore, the sentencing judge must consider the particular circumstances of the offense and the character of the defendant. *Id.* Broad discretion is reposed in the judge to receive relevant information to make the determination of sentence. *Commonwealth v. Rodriquez*, 229 Pa.Super. 449, 323 A.2d 396 (1974).

In the instant case, the sentencing judge has fully complied with the mandate of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), directing that reasons for the imposition of sentence be placed on the record. In his opinion, the judge shows that he was fully cognizant of the aforementioned considerations and that he examined them in detail.

It was not improper for the judge to consider appellant's alleged involvement in other unlawful activity for which he was not charged, tried, or convicted. The judge was aware that appellant had been similarly entangled with another vehicle with a discrepancy on the title when he had bought a car for cash, without receipt, from an individual and at a location he could not remember. Appellant's father had insured the vehicle and had later reported it stolen, and collected the insurance, most of which he then gave to appellant. When the police subsequently discovered that the car reported as stolen was actually owned by another person, and that the vehicle, therefore, had either never been bought by appellant or had at least been improperly registered and titled, appellant and his father made restitution to the insurance company. This information was contained in the presentence investigation report and was also developed at trial, during which time appellant had ample opportunity to respond to the allegations. Appellant admitted most of these facts. Since the information was properly before the judge and was indicative of appellant's character, the trial court did not err in considering it. The trial judge also considered appellant's involvement in his brother's perpetration and conviction of the offense of receiving stolen property, by his act of supplying the stolen vehicle to his brother on a patently fictitious excuse. This provided sufficient basis for the court's conclusion that appellant had been involved in other cases of detective titles and car thefts and that the public is entitled to protection by the imposition of a severe penalty.

The sentence imposed was within the statutory limits and appellant has failed to carry his burden of proving that it was manifestly excessive. Further, based upon this record, it was not an abuse of judicial discretion to base the sentence, in part, upon the belief that appellant had been involved in a series of thefts of motor vehicles with bad titles.

In accord with the above reasoning, we affirm the judgment of sentence.