485 A.2d 444

**COMMONWEALTH of Pennsylvania**

v.

**Steve LEONHARD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed Nov. 30, 1984.

Petition for Allowance of Appeal Denied May 21, 1985.

Philip B. Friedman, Erie, for appellant.

John M. Dawson, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and MONTGOMERY, JJ.

SPAETH, President Judge:

This is an appeal from judgment of sentence for driving under the influence of alcohol [1] and leaving the scene of an accident involving death or bodily injury.[2] The only issue is whether the trial court's comments on the evidence in the charge to the jury constituted reversible error.[3] We find that on the particular facts, the error, if any, worked no injustice, and we therefore affirm the judgment of sentence.

On December 31, 1981, appellant, heavily intoxicated, drove his car through an intersection in Meadville, Pennsylvania, and collided with a van driven by John Stroup, who was on his way home from work. Mr. Stroup was thrown from the van by the force of the collision and suffered a fractured skull. He was hospitalized for forty-nine days and was permanently injured. Following the collision, ap-

1. 75 Pa.C.S.A. § 3731.

2. 75 Pa.C.S.A. § 3742.

3. This issue was properly raised at trial and by post-trial motion: Transcript at 130a; Motion for New Trial and in Arrest of Judgment, Record at # 17. The trial court dismissed it without discussion, only stating that it was "totally devoid of merit." Opinion of trial court, Record at 22:2.

pellant climbed from the window of his car and ran from the scene. The police arrived within five to ten minutes and, following bystanders' directions, followed appellant's footprints in the snow. They found him approximately one-quarter of a mile from the accident scene, alternately running, walking, and hitchhiking along a four-lane highway toward Ohio, where he lived. (Transcript at 11a–16a; 64a–70a) After the police arrested appellant, they took him to a nearby hospital where the staff closed a cut on his forehead with four stitches and x-rayed his skull. The x-ray showed no internal injury. (Transcript at 71a, 87–88a)

Appellant was charged with driving under the influence of alcohol and leaving the scene of an accident. At trial, he admitted that he had been intoxicated. (Transcript at 111a) He claimed, however, that his head injury was sufficiently severe to render him unable (independently of the alcohol) intentionally to leave the scene of the accident. (Defense closing statement, Record at 43:21–24) In charging the jury, the trial court told the jurors that they were the sole judges of the credibility of all witnesses and that they must apply the same standard in evaluating the testimony of police officers as they did to that of any other witness. (Transcript at 120–121a, 123a) The court concluded by discussing appellant's defense that his head injury was the sole cause of his inability to form the required intent:

THE COURT: ... So, what are we down to? The Defendant's argument is that he doesn't recall anything about it, he doesn't recall leaving the scene of the accident, because he theorizes he got a cut or a bump on his head, and that is what prevented him from forming the requisite intent, and the argument seems to be that the alcohol had nothing to do with it.

Well, if you would find from all of the evidence, and the evidence is pretty scarce on that point, if you would find from all of the evidence that the reason he left the scene of the accident was because his mind, because of the cut or the bump on his head, because of that, his mind was rendered blank to the point where that—and that alone—

prevented him from forming the requisite mental intent to know what he was doing, then you should acquit him.

But, if he didn't have the mental intent, because he was so drunk or so under the influence of intoxicating liquors, that he couldn't form the intent, then that's not a defense.

(Transcript at 126a–127a)

After summarizing the evidence on this point, the court concluded:

Well, if he did get such a severe bump on the head, he didn't know what he was doing, then you may consider that and if that rendered his mind incapable and that alone rendered his mind incapable—The Commonwealth argued strongly there is no evidence of that, get a minor cut on his head that was sewed up, I believe somebody said with four sutures, and he lay on a cot for a while, and I suppose out of abundance of caution the doctor ordered head x-rays, they proved negative, so they released him from the hospital to the police, and they took him to the magistrate's office, so the testimony of any cut or blow affecting mental capacity is very, very sparse, and it's only a conjecture on the Defendant's part.

(Transcript at 128a–129a)

The court ended its charge by stating again, upon motion of counsel, that the jurors were "the sole judges of the facts" and that they were to "take your recollection of what you heard and not mine." (Transcript at 131a) The jury found appellant guilty of both charges.

■ Appellant argues that the trial court erred in its charge by improperly commenting on the evidence, and that he was thereby deprived of a fair trial. In considering this argument, we must read the challenged language in the context of the charge as a whole. *Commonwealth v. Simmons*, 482 Pa. 496, 513–14, 394 A.2d 431, 440 (1978); *Commonwealth v. DeFrancesco*, 481 Pa. 595, 605, 393 A.2d 321, 326 (1978) *citing Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977).

 The cases concerning the permissible extent to which a judge may comment on the evidence are not consistent. *See Commonwealth v. Ferguson,* 289 Pa.Super. 163, 167, 432 A.2d 1103, 1105 (1981), and cases cited therein. Nevertheless, the general principles are clear. On the one hand, the trial court must frame the legal issues for the jury and instruct the jury on the applicable law, while on the other hand, it must not usurp the power of the jury to be sole judge of the evidence. *See Commonwealth v. Goins,* 457 Pa. 594, 598, 321 A.2d 913, 915 (1974). Plainly, these principles may conflict with each other, for in order to instruct the jury on the law the court may have to refer to the evidence. The proper balance to be struck will depend heavily on the facts and circumstances of each case. *See Commonwealth v. Vernille,* 275 Pa.Super. 263, 271, 418 A.2d 713, 717 (1980). However, some general guidelines have been formulated. Thus the court may not comment on, or give its opinion of, the guilt or innocence of the accused. *Commonwealth v. Archambault,* 448 Pa. 90, 290 A.2d 72 (1972). Nor may it state an opinion as to the credibility of witnesses, nor remove from the jury its responsbility to decide the degree of culpability. *See Commonwealth v. McClendon,* 478 Pa. 108, 115, 385 A.2d 1337, 1340 (1978); *Commonwealth v. Butler,* 448 Pa. 128, 134–35, 291 A.2d 89, 92 (1972). *See also,* 3 *American Bar Association Standards for Criminal Justice,* Standard 15–3.8(a) (2d ed., 1980). However, the court may summarize the evidence and note possible inferences to be drawn from it. In doing so, the court may "... express [its] own opinion on the evidence, including the weight and effect to be accorded it and its points of strength and weakness, providing that the statements have a reasonable basis and it is clearly left to the jury to decide the facts, regardless of any opinion expressed by the judge." *Commonwealth v. Vernille, supra,* 275 Pa.Super. at 270, 418 A.2d at 717 (citations omitted). *See also Commonwealth v. Dougherty,* 259 Pa. Super. 88, 92, 393 A.2d 730 (1978) (citations omitted); *Commonwealth v. Fiorini,* 202 Pa.Super. 88, 97, 195 A.2d 119 (1963) (citation omitted).

After applying these principles to the case before us, we have concluded that the trial court's remarks were not such that we should remand for a new trial. Without question, the court's remarks were harsh, and its characterization of appellant's defense as a "theor[y]" and "conjecture" (Transcript at 126a, 129a) might very well, if read alone, constitute sufficient ground to remand for a new trial, particularly given the fact that the remarks were directed toward diminishing the force of the only defense that appellant offered. *See Commonwealth v. Goins*, 457 Pa. 594, 599–600, 321 A.2d 913, 916 (1974) (in murder trial in which only issue was degree of defendant's guilt, court impermissibly "express[ed] its opinion as to the merit of the only defense offered" when it charged that jury must find defendant guilty of first degree murder if it convicted him at all). Nevertheless, as our Supreme Court has noted, "[e]very unwise or irrelevant remark made in the course of a trial by a judge ... does not compel the granting of a new trial. *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance ... that it may reasonably be said to have deprived the defendant of a fair and impartial trial." Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973) *quoting Commonwealth v. Phillips*, 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957) (citations omitted; emphasis added in *Goosby*.) Here, the trial court's remarks, when read in context of the entire charge, did not in our opinion deprive the defendant of a fair trial. The court emphasized in its charge that it was the jury's exclusive role to rule on credibility, and that the jurors should prefer their recollection of the testimony to the court's. Moreover, the challenged remarks were made in the context of framing the legal issue of specific intent so that the jury could separate the impermissible excuse of voluntary intoxication from the permissible excuse of injury. In so doing, the court charged the jurors that if they believed appellant, it was their right to acquit him. We do not suggest that the court's remarks regarding appellant's defense had no effect on the jury. Nevertheless, we think that considered as a

whole, the charge left the jury free to reach its "independent conclusion" as to appellant's guilt or innocence. *Commonwealth v. McClendon*, 478 Pa. 108, 114, 385 A.2d 1337, 1341 (1978). While it is true, as appellant urges, that the court characterized appellant's evidence as "very, very sparse," it cannot be said that this characterization was without reasonable basis: there was, in fact, no evidence aside from appellant's own testimony to support his claim that his head injury alone caused his diminished mental capacity. No doubt it would have been better if the court's language had been less severe, but on balance, we do not believe an injustice was done.

Affirmed.