J-A01031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAVON HYMAN | : | |
| | : | |
| Appellant | : | No. 2671 EDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004227-2014,
CP-51-CR-0004228-2014

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                  **FILED AUGUST 13, 2018**

Javon Hyman appeals from the judgment of sentence imposed July 20, 2016, in the Philadelphia County Court of Common Pleas.  On March 2, 2016, a jury convicted Hyman of two counts each of robbery (threatens serious bodily injury), possession of firearm by a person prohibited, and possession of an instrument of crime with intent ("PIC").[1]  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the basis of the trial court opinion.

The trial court set forth the factual and procedural history as follows:

On January 8, 2014, [Hyman] was arrested and charged, under two separate Bills of Information,[1] with identical charges of

_____

* Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 3701(a)(1)(ii), 6105(a)(1), and 907(a), respectively.

[robbery, firearms possession, and PIC]. On [March 2, 2016], at the conclusion of his bifurcated jury trial, [Hyman] was found guilty of these charges.

_____

¹ CP-51-CR-0004227-2014 and CP-51-CR-0004228-2014. The charges against [Hyman] arose out of his gun point robberies of the same store on two separate occasions within a week of each other.

_____

On May 13, 2016, [Hyman] was sentenced to consecutive periods of confinement in a state correctional facility of 5 to 10 years on the two Robbery charges followed by concurrent periods of ten years[']probation. On the remaining charges he was sentenced to concurrent periods of probation, for an aggregate period of confinement 10 to 20 years followed by 10 years['] probation. On May 16, 2016, [Hyman] filed a post sentence motion seeking a modification of his sentence to conform to Pennsylvania's three strike laws. At the conclusion of the hearing, held on July 20, 2016, to consider [Hyman]'s motion, the Court vacated his original sentence and, on the two robbery charges, imposed concurrent periods of incarceration of 10 to 20 years followed [by] two concurrent periods of ten years['] probation. Additionally, the court imposed concurrent periods of probation on the remaining charges for an aggregate period of confinement of 10 to 20 years followed by 10 years['] probation.

Trial Court Opinion, 4/12/2017, at 1-2.

Hyman raises the following issues on appeal:

A. Did not the [trial] court err in denying Javon Hyman's petition to dismiss pursuant to [P.R.Crim.P.] 600 where the Commonwealth failed to exercise due diligence by not bringing Mr. Hyman to trial within 365 days?

B. Did not the lower court violate state law and due process while instructing the jury on reasonable doubt when it diminished the Commonwealth's burden of proof by telling the jurors they must be able to explain a doubt in order for it to amount to reasonable doubt, and infringed upon the exclusive purview of the jury by commenting on evidence in a biased and prejudicial manner?

Hyman's Brief at 4.

After a thorough review of the record, the parties' briefs, and the relevant case law, we find the trial court's April 12, 2017, opinion comprehensively discusses and properly disposes of the questions presented in this appeal. *See* Trial Court Opinion, 4/12/2017, at 3-12 (concluding: (1) Hyman's Rule 600 motion was properly denied because the Commonwealth demonstrated due diligence in bringing the matter to trial, including, *inter alia*, (a) there was no substantial delay on the part of the Commonwealth with respect to completing discovery, and not disclosing certain inculpatory evidence where (i) the Commonwealth "disclosed" the existence of the video recording of the robbery, Hyman had downloaded a copy of it long before trial commenced, and his insistence that he be provided a copy of the original video was frivolous; (ii) Hyman's request for copies of statements of unnamed witnesses, which were in the exclusive possession of the FBI, was misplaced since these items were not in the possession of the Commonwealth; (b) there were court scheduling conflicts; and (c) Hyman was a fugitive for a two-month period;[2] and (2) the court's instructions to the jury were proper where (a) Hyman's argument was highly subjective and distorted the record; (b) Hyman waited until after the jury had retired to raise his objection and therefore, it

_____

[2] We acknowledge there is a scrivener's error on page 6 of the trial court's opinion, and that the first period of time at issue should have been between 2/18/2014 and 2/28/2014.

was untimely and waived; and (c) "in commenting on the evidence at trial in its charge, [the court] did not at any time attempt to 'usurp the power of the jury to be the sole judge of the evidence' but simply put it in context,"[3] and is not required to present balanced views of evidence as long as it states the law clearly and accurately, and therefore, "it was appropriate and proper for the Court to comment on the evidence at trial, notably the video of the robbery, the still photos, the unusual gun and the testimony of the complaining witness and the police officers."[4]).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/18

---

[3]  Trial Court Opinion, 4/12/2017, at 10.

[4]  *Id.* at 11.

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :
                                 :     2671 EDA 2016
v.                               :
                                 :     CP-51-CR-0004227-2014
JAVON HYMAN                      :     CP-51-CR-0004228-2014
_____:

                                       **FILED**

                 OPINION               APR 1 2 2017

                                       Appeals/Post Trial
                                       Office of Judicial Records

## STATEMENT OF THE CASE

Defendant is appealing his convictions on the charges of Robbery and related
Weapons Offenses. Defendant is seeking relief, averring the Court erred in denying his
motion to dismiss pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure
(Pa.R.C.P.) and that the Court erred in its instructions to the jury. Defendant's
complaints are without merit.

## PROCEDURAL HISTORY

On January 8, 2014, Defendant was arrested and charged, under two separate
Bills of Information,[1] with identical charges of Robbery – Threatens Serious Bodily
Injury pursuant to 18 Pa.C.S.A. §3701(a)(1)(ii), Possession of Firearm by a Person
Prohibited pursuant to 18 Pa.C.S.A. §6105(a)(1) and Possession of an Instrument of a
Crime With Intent pursuant to 18 Pa.C.S.A. 907(a). On June 12, 2013, at the conclusion
of his bifurcated jury trial, Defendant was found guilty of these charges.

_____

[1] CP-51-CR-0004227-2014 and CP-51-CR-0004228-2014. The charges against Defendant arose out of his
gun point robberies of the same store on two separate occasions within a week of each other.

On May 13, 2016, Defendant was sentenced to consecutive periods of confinement in a state correctional facility of 5 to 10 years on the two Robbery charges followed by concurrent periods of ten years probation. On the remaining charges he was sentenced to concurrent periods of probation, for an aggregate period of confinement 10 to 20 years followed by 10 years probation. On May 16, 2016, Defendant filed a post sentence motion seeking a modification of his sentence to conform to Pennsylvania's three strike laws. At the conclusion of the hearing, held on July 20, 2016, to consider Defendant's motion, the Court vacated his original sentence and, on the two robbery charges, imposed concurrent periods of incarceration of 10 to 20 years followed two concurrent periods of ten years probation. Additionally, the court imposed concurrent periods of probation on the remaining charges for an aggregate period of confinement of 10 to 20 years followed by 10 years probation.

On August 17, 2016, Defendant timely filed the instant appeal to the Superior Court of Pennsylvania. On September 8, 2016, this Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the Court's Order. On September 28, 2016, Defendant timely filed his "Statement of Errors Complained of on Appeal.[2]" In his statement of errors, Defendant raises two issues, namely:

1.) "The court erred in denying appellant's motion to dismiss pursuant to Pa.R.Cr.P. 600, as appellant was tried beyond the time period allotted under the rule, and the Commonwealth failed to demonstrate that it had exercised due diligence.

---

[2] Defendant, after filing a request for an extension of time to file a supplemental statement of errors, filed a supplemental statement raising the same issues

2.) In its jury instruction on reasonable doubt, the court violated state law and due process by: summarizing the trial evidence in a biased, prejudicial manner; vouching for Commonwealth witnesses; insinuating that a verdict of not guilty would be unreasonable; stating that, in light of the Commonwealth's evidence, if a juror does not explain to fellow jurors the reason s/he may have a reasonable doubt as to appellant's guilt, then the juror likely manufactured such doubt to avoid carrying out an unpleasant duty.."

## DISCUSSION OF THE ISSUE RAISED

### I.     DENIAL OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 600 OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE WAS PROPER.

In his first statement of errors, Defendant complains that the Court "erred in denying appellant's motion to dismiss pursuant to Pa.R.Cr.P. 600, as appellant was tried beyond the time period allotted under the rule..." Defendant's complaint is without merit.

Pennsylvania Rules of Criminal Procedure (Pa. R. Crim. P.), amended effective July 13 2012, at Rule 600 (A) provide in part that; "(2) Trial shall commence within the following time periods. (a) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." Rule 600 further provides at "(C) Computation of Time. (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the

3

computation." Simply stated, the only periods of time to be included in the Rule 600 calculation, are for those periods of delay caused by the Commonwealth's failure to exercise due diligence. (N.T., 7/9/15 pg. 14, 15, 18)

The Court is mindful of the Commonwealth's obligation to exercise due diligence in bringing a matter to trial within the Rule 600 time limit. "To protect the defendant's speedy trial rights, Rule 600 ultimately provides for the dismissal of charges if the Commonwealth fails to bring the defendant to trial within 365 days of the filing of the complaint (the 'mechanical run date'), subject to certain exclusions for delays attributable to the defendant. Pa.R.Crim.P. 600(A)(3), (G). Conversely, to protect society's right to effective prosecution prior to dismissal of charges, 'rule 600 requires the court to consider whether the commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control.'" *Commonwealth v. Bradford*, 46 A. 3d 693, 701 (Pa. 2012) (Internal citations omitted) "A Rule 600 motion requires a showing of due diligence by a preponderance of the evidence for the Commonwealth to avail itself of an exclusion. Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010) (Internal citations omitted)

In considering a Rule 600 Motion, "the Court must distinguish between 'excludable time' and 'excusable delay'. Excludable time is that time delay occasioned by the defendant's own actions as characterized under Rule 600(C). Excusable delay is not expressly defined in Rule 600, but the legal construct takes into account delays which

4

occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004)

A review of the record reveals that the warrant for Defendant's arrest was issued on December 19, 2013[3], resulting in a mechanical run date of 12/19/2014. (N.T., 7/9/15 pg. 24) At the hearing held on July 9, 2015, to consider his motion, Defendant took the arbitrary position that the Commonwealth has a strict duty to bring a defendant to trial within 356 days and that any delay, not occasioned by a defense request, is counted against the Commonwealth, unless it could show it acted with due diligence to prevent the delay. (N.T., 7/9/15 pg. 14, 15, 17)

At the heart of Defendant's motion is his contention that the substantial delay in bringing him to trial was caused by the Commonwealth's failure to complete discovery by failing to disclose inculpatory evidence in a timely manner. It has long been recognized that "the purpose of our discovery rules is to permit parties in criminal matters to be prepared for trial; trial by ambush is contrary to the spirit and letter of those rules and will not be condoned." *Commonwealth v. Appel*, 547 Pa. 171, 204, 689 A.2d 891, 907 (1997) (Internal citations omitted) Pa. R. Crim. P. 573(1) provides in pertinent part that; "In all court cases, on request by the defendant...the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case...(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence..." "The Commonwealth does not violate the pretrial-discovery rule when it fails to disclose to the defense evidence that it does not possess..." *Commonwealth v. Collins*, 957 A.2d 237, 253 (Pa. 2008) (Internal citations omitted)

---

[3] Defendant was subsequently arrested on January 1, 2014.

5

The principal piece of evidence at issue is a security video recording of the robbery the police posted on "U-Tube" as part of its efforts to successfully identify and arrest Defendant as the perpetrator of the crimes with which he was convicted. (N.T., 7/9/15 pgs. 20, 21) It is abundantly clear from the record that not only had the Commonwealth "disclosed" the existence of the video to Defendant, but that he had in fact downloaded a copy of it long before the commencement of trial. (N.T., 7/9/15 pgs. 21, 22, 27, 28) Defendant's insistence that he be provided copy of the original video, which was in the possession of the Philadelphia Police Department, during the relevant periods at issue, is frivolous.

Defendant was also seeking copies of statements of unnamed witnesses in the exclusive possession of the FBI. (N.T., 7/9/15 pgs. 22, 23) Since the items at issue were not in the possession of the Commonwealth, the Court found "that there was no lack of due diligence" on the part of the Commonwealth. Therefore, contrary to Defendant's argument, any delay that might be attributable to incomplete discovery was not includable in the Rule 600 calculation. (N.T., 7/9/15 pg. 23)

The first period of time at issue is the 10 day period, preceding Defendant's preliminary hearing, between 2/18/2014 – 2/18/2014. The Commonwealth concedes this delay was includable in the Rule 600 calculation. (N.T., 7/9/15 pg. 9) The next period at issue is the 14 day period, between 2/28/2014 – 3/14/2014. This delay was attributable to a defense request and, therefore, is excludable from the Rule 600 calculation. (N.T., 7/9/15 pgs. 6, 7, 10) The 31 day delay, between 3/14/2014 – 4/10/2014, at which time the matter was held for court, attributable to the unexplained failure of the complaining witness to appear, is includable.

6

The next period of time to be considered is the 70 day period between 4/10/2014 – 6/19/2014, is attributable to the Court's scheduling matters, not to the lack of due diligence on the part of the Commonwealth, and is, therefore, not includable in the Rule 600 calculation. (N.T., 7/9/15 pgs. 20, 23) Although the docket indicates that discovery was not complete as of 5/28/14, as discussed above, this is not chargeable against the Commonwealth. (N.T., 7/9/15 pg. 23)

The next period of time to be considered is the 355 day period between 6/19/2014 – 5/29/2015. On 6/10/2014, this matter was for a pre-trial conference on 5/29/15 and trial scheduled for 6/9/2015. This period of time is attributable to the Court's scheduling and is not includable in the Rule 600 calculation. Furthermore, Defendant concedes that the trial date of 6/9/2015 was the earliest possible date available to the Court. (N.T., 7/9/15 pg. 23) Again, the docket indicates that discovery was not complete as of 6/19/14 and, as discussed above, this is not chargeable against the Commonwealth. (N.T., 7/9/15 pg. 23)

The next period of time to be considered is the 11 day period between 5/29/15 – 6/9/15. On 5/29/15, the Court was not sitting due to illness, which certainly has not been proven to be attributable to the lack of due diligence on the part of the Commonwealth, and is not includable in the Rule 600 calculation. (N.T., 7/9/15 pg. 23) Defendant's trial date remained the same.

The next period of time to be considered is the 409 day period between 6/9/15 - 2/29/16. On 6/8/15 and 6/9/15, both the Commonwealth and Defendant were ready to proceed to trial. However, the Court was on trial on an older case and could not reach this matter. After unsuccessfully attempting to move this matter to another court room for trial, it was given the earliest possible date of 2/29/16 for trial. (N.T., 7/9/15 pgs. 25,

7

26) Again, this period of time is attributable to the Court's scheduling and is not includable in the Rule 600 calculations.

A further examination of Defendant's Rule 600 calculations reveals that the 57 days between the issuance of the arrest warrant on 12/19/13 and 2/18/14, the date of Defendant's first preliminary hearing are not includable Rule 600 calculations. This delay was attributable to Defendant being a fugitive and the Court's scheduling. Therefore the only time includable in the Rule 600 calculation are the 41 days of delay caused by the complaining witness' failure to appear at Defendant's preliminary hearings scheduled for 2/18/ 14 and 3/14/14.

Defendant is not entitled to relief pursuant to Rule 600. Defendant's complaint that the Commonwealth failed to exercise due diligence in meeting its discovery obligations is without merit. The Court finds that only 41 days of delay are attributable to the Commonwealth's lack of due diligence.

## II. THE COURT'S INSTRUCTIONS TO THE JURY WERE PROPER.

Defendant, in his second statement of errors, complains the Court's instructions on reasonable doubt were "biased" and "prejudicial." Not only is Defendant's complaint without merit, it is highly subjective and distorts the record.

Pa. R. Cr. P. Rule 647(B) provides in pertinent part: "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." In considering the application of Rule 647(B) The Supreme Court of Pennsylvania held, "that under Criminal Procedural Rules 603 and 647(B), the mere submission and subsequent denial of proposed points for

8

charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." *Commonwealth v. Pressley*, 584 Pa. 624, 887 A.2d 220, at 225 (2008). More recently, the Superior Court of Pennsylvania held that the defendant's failure to object to the trial court's refusal to include his request for instructions on the law of "justification/self-defense" constituted a waiver of that issue. *Commonwealth v. Marquez*, 209 PA Super 170, 980 A.2d 145 (2009)

During the course of its deliberations, the jury requested the Court to again define "reasonable doubt." At the conclusion of its charge, the Court inquired of counsel if they had "anything additional before the jury goes back out?" Defendant's counsel answered in the negative. (N.T., 3/2/16 pgs. 4, 13) After the jury had retired, Defendant proceeded to object to the Court's instruction. Having raised his objection after the jury had retired, Defendant's objection was untimely and is deemed waived. *Marquez, Id.*

That said, it has long been recognized that a "trial court has wide discretion in fashioning jury instructions." *Commonwealth v. Scott*, 73 A.3d 599, 602 (Pa. Super. 2013) (quoting *Commonwealth v. Brown*, 911 A.2d 576, 583 (Pa. Super. 2006) "When reviewing the propriety of a jury charge, an appellate court examines the charge as a whole. The trial court has broad discretion in formulating jury instructions, so long as the law is presented to the jury in a clear, adequate, and accurate manner." (Internal citations omitted.) *Commonwealth v. Lukowich*, 875 A.2d 1169, 1174 (Pa. Super. 2005) We review a jury instruction to determine "whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case." *Id.* (quoting *Brown,* 911 A.2d at 582–83). The "key inquiry is whether the instruction on a particular

9

issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." *Id.* (quoting *Hamilton*, 766 A.2d at 878)

Adopting the language of our Superior Court's decision in *Commonwealth v. Leonhard*, 336 Pa. Super. 90, 95, 485 A.2d 444, (1984), our Supreme Court "explained that it is not improper for an instructing court to refer to the facts and/or the evidence of the case when giving a charge. The court noted:

> On one hand, the trial court must frame the legal issues for the jury and instruct the jury on the applicable law, while on the other hand, it must not usurp the power of the jury to be sole judge of the evidence. Plainly, these principles may conflict with each other, for in order to instruct the jury on the law the court may have to refer to the evidence. The proper balance to be struck will depend heavily on the facts and circumstances of each case. However, some general guidelines have been formulated. Thus, the court may not comment on, or give its opinion of, the guilt or innocence of the accused. Nor may it state an opinion as to the credibility of witnesses, nor remove from the jury its responsibility to decide the degree of culpability. However, the court may summarize the evidence and note possible inferences to be drawn from it. In doing so, the court may "....express [its] own opinion on the evidence, including the weight and effect to be accorded it and its points of strength and weakness, providing that the statements have a reasonable basis and it is clearly left to the jury to decide the facts, regardless of any opinion expressed by the judge."

*Commonwealth v. Meadows*, 567 Pa. 344, 354-55, 787 A.2d 312, 318 (2001) (Internal citations and quotations omitted); *In accord, Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa. Super. 2014)

The only objection raised to the Court's instructions was Defendant's objection to its instruction on reasonable doubt delivered, in response to a question from the jury. The Court, in commenting on the evidence at trial in its charge, did not at any time attempt to "usurp the power of the jury to be sole judge of the evidence" but simply put it in context. However, in commenting on the evidence, the Court is not required to present balancing views of the evidence, "as long as the law is clearly and accurately presented to the jury."

10

*Buterbaugh*, 91 A.3d at 1259 Therefore, it was appropriate and proper for the Court to comment on the evidence at trial, notably the video of the robbery, the still photos, the unusual gun and the testimony of the complaining witness and the police officers. It is understandable that Defendant would consider such evidence extremely detrimental to his defense, but it was in no way presented in a "biased" or "prejudicial" manner.

Defendant's further complaint that the Court instructed the jury "that a verdict of not guilty would be unreasonable; stating that, in light of the Commonwealth's evidence, if a juror does not explain to fellow jurors the reason s/he may have a reasonable doubt as to appellant's guilt, then the juror likely manufactured such doubt to avoid carrying out an unpleasant duty," is, at best, a disingenuous distortion of the record.

On commencing its charge, the Court specifically instructed the jury:

> "Likewise, if at any time during the trial or during this instruction I say anything or do anything implying my personal opinion about any of the evidence, any witnesses, or what your verdict should be, I want to tell you two things: First, I don't have an opinion; and second, if I did have an opinion, it would be the least well-informed opinion in this court because, as I told you at the outset, I can hardly see these witnesses and I get distracted by looking at legal issues up here on the bench anticipating things that will happen, talking to the courtroom staff about this case, other cases that are listed in here. So I have no opinion, and in any case, you should disregard it.
>
> The only opinion that matters in this courtroom is yours. You're the jury. It's your opinion that matters with regard to the witnesses, the evidence and ultimately the verdict that counts." (N.T., 3/1/16 pgs. 94, 95)

In its supplemental charge, responding to the jury's question, the Court illustrated the meaning of "reasonable doubt," by instructing the jury further:

> "If somebody has reasonable doubt and it's a real doubt, a doubt based on the evidence or lack of evidence with respect to some element of offense, then probably that person should be able explain what that

11

doubt is. If somebody just says, I have a doubt, that's all, I'm telling you I have a doubt, then there's a good chance that that doubt is simply a doubt that they've manufactured to avoid carrying out an unpleasant duty. And it is unpleasant to come into the courtroom and say somebody's guilty of an offense; but if the evidence demonstrates that beyond a reasonable doubt, your oath as a juror demands that you say that the defendant is guilty." (N.T., 3/2/16 pg. 9)

In concluding this supplemental charge, the Court gave the standard instruction:

"Also, we must recognize that sometimes simply out of fear of making important decisions, we image doubts that are based on virtually nothing. It's important that we make sure that doubts that we allow to affect our decisions are only those that are based upon fact and reason.

So to summarize, you may not find the defendant guilty based on a mere suspicion of guilt. The Commonwealth has the burden of proving him guilty beyond a reasonable doubt. If it meets that burden, then the defendant is no longer presumed innocent and you must find him guilty. On the other hand, if the Commonwealth does not meet its burden, you must find the defendant not guilty." (N.T., 3/2/16 pg. 12)

## CONCLUSION

The Court finds that the Commonwealth acted with due diligence in its prosecution of Defendant and that its instructions to the jury were appropriate.

BY THE COURT:

April 12, 2017

HON. CHARLES J. CUNNINGHAM, III

12